**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829
*mkane@bakerlaw.com*
Amy E. Beverlin, SBN 284745
*abeverlin@bakerlaw.com*
Kerri H. Sakaue, SBN 301043
*ksakaue@bakerlaw.com*
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:    310.820.8859

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
*sjkim@bakerlaw.com*
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:   415.659.2600
Facsimile:    415.659.2601

Attorneys for Defendant LZB RETAIL, INC. and
*Specially Appearing* Defendant LA-Z-BOY INCORPORATED

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DUSTIN EVERS, as an individual and
on behalf of all others similarly situated,

Plaintiff,

vs.

LA-Z-BOY INCOROPRATED, a
Michigan corporation; LZB RETAIL,
INC., a Michigan corporation; LA-Z-
BOY FURNITURE GALLERIES; and
DOES 1 through 50, inclusive,

Defendants.

CASE NO. **'22CV578  L    MDD**

[San Diego County Superior Court Case
No. 37-2022-00007717-CU-OE-CTL]

**DEFENDANTS' NOTICE OF
REMOVAL OF CIVIL ACTION**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant LZB RETAIL, INC. ("LZBR") and *Specially Appearing* Defendant LA-Z-BOY INCORPORATED ("LZBI") (collectively, "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned action from the Superior Court of the State of California in and for the County of San Diego (the "State Court") to this Court on the ground of original jurisdiction based on 28 U.S.C. § 1332(a), and on all other grounds for jurisdiction to the extent applicable, including under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and/or federal question.  In support of their Notice of Removal, and in accordance with 28 U.S.C. §§ 1441, 1446, Defendants aver as follows:

## STATUS OF THE PLEADINGS AND PROCESS

1. On February 28, 2022, Plaintiff DUSTIN EVERS filed a Representative Action Complaint against Defendants in the State Court, styled as *Dustin Evers, as an individual and on behalf of all others similarly situated v. La-Z-Boy Incorporated, a Michigan corporation; LZB Retail, Inc., a Michigan corporation; La-Z-Boy Furniture Galleries; and Does 1 through 50, inclusive*, Case No. 37-2022-00007717-CU-OE-CTL (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. Plaintiff's Complaint purports to allege eleven (11) causes of action for: (1) failure to pay all regular and minimum wages; (2) failure to pay all overtime wages; (3) meal period violations; (4) rest period violations; (5) untimely payment of wages; (6) wage statement violations; (7) failure to pay all wages upon separation; (8) failure to reimburse business expenses; (9) paid sick leave violations; (10) recordkeeping violations; and (11) failure to produce records, based on alleged violations of California law.

3. On March 24, 2021, Defendants' counsel signed a Notice and

Acknowledgment of Receipt of the Summons and Complaint.  True and correct copies of the Summons and Complaint, and every other process, pleading, and order served on each of the Defendants together therewith, are attached hereto as the Exhibits identified below:

| Exhibit | Document |
|---------|----------|
| A | Complaint |
| B | Summonses for LZBI and LZBR |
| C | Civil Case Cover Sheet |
| D | Alternative Dispute Resolution (ADR) Information |
| E | Notice of Case Assignment and Case Management Conference |
| F | Stipulation to Use of Alternative Dispute Resolution |

4.     Defendants are informed and believe that the following additional documents are also on file in the State Court Action, which are attached hereto as the Exhibits identified below:

| Exhibit | Document |
|---------|----------|
| G | Notice and Acknowledgment of Receipt – Civil (LZBI) |
| H | Notice and Acknowledgment of Receipt – Civil (LZBR) |

5.     Defendants are informed and believe that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

6.     Defendants LZBR and LZBI are informed and believe that they are the only defendants which have been served with process in the State Court Action. Defendant La-Z-Boy Furniture Galleries is not a legal entity in existence and thus has not been and cannot be served with process and is to be disregarded for purposes of this removal.  Likewise, Defendants DOES 1 through 50, which are fictitious defendants, are to be disregarded for the purposes of this removal.  *See* 28 U.S.C. § 1441(a).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## <u>TRADITIONAL DIVERSITY REMOVAL JURISDICTION</u>

**A.    STATEMENT OF JURISDICTION**

7.      Among other grounds, including CAFA and/or federal question jurisdiction to the extent applicable, Defendants aver that this Court has original traditional diversity subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is one which may be removed to this Court, because (1) there is complete diversity of citizenship between Plaintiff (Washington) and Defendants (Michigan); and (2) the amount-in-controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, as set forth below.

**B.    MINIMUM DIVERSITY OF CITIZENSHIP EXISTS**

8.      Minimum diversity exists pursuant to 28 U.S.C. § 1332(a)(1).

9.      **Plaintiff's Citizenship.**   The Complaint alleges that, at all material times, Plaintiff worked for Defendants in San Diego County as an hourly, non-exempt "Sales Associate" employee.  *See id.*, ¶ 7; *see also id.*, ¶ 8 ("Plaintiff was employed in California …").   Moreover, Defendants are informed and believe that Plaintiff currently resides in and intends to indefinitely remain living continuously in the State of Washington.  As such, Defendants are informed and believe that Plaintiff is a citizen of the State of Washington for purposes of determining jurisdiction.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).[1]

///

---

[1] *See also Mondragon v. Capital One Auto Fin.*, 776 F.3d 880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change").

10.    **Defendant LZBR's Citizenship.**    As Plaintiff alleges, LZBR "is a corporation incorporated in the State of Michigan …."    *See* Exh. A (Complaint), ¶ 11. Further, as shown on the California Secretary of State's Business Entities Search website, LZBR maintains its corporate headquarters and principal place of business in Monroe, Michigan.    *See* URL at https://businesssearch.sos.ca.gov (using "Corporation Name" search for "LZB Retail.").    At its corporate headquarters in Monroe, Michigan, LZBR's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there.    Thus, LZBR was not and is not a citizen of the States of California or Washington, but rather was and is a citizen of the State of Michigan for the purpose of determining jurisdiction.    *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

11.    ***Specially Appearing*** **Defendant LZBI's Citizenship.**    As Plaintiff alleges, LZBI "is a corporation incorporated in the State of Michigan ...."    *See* Exh. A (Complaint), ¶ 10.    Further, as shown on the California Secretary of State's Business Entities Search website, LZBI maintains its corporate headquarters and principal place of business in Monroe, Michigan.    *See* URL at https://businesssearch.sos.ca.gov (using "Corporation Name" search for "La-Z-Boy Incorporated.").    At its corporate headquarters in Monroe, Michigan, LZBI's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there.    Thus, LZBI was not and is not a citizen of the States of California or Washington, but rather was and is a citizen of the State of Michigan for the purpose of determining jurisdiction.    *See* 28 U.S.C. § 1332(c)(1); *see also Hertz*, 559 U.S. at 92-93.    LZBI objects and contests that personal jurisdiction can be exercised over it in this action as venued, and does not waive the same by joining in this removal.

12.    **Defendant La-Z-Boy Furniture Galleries' Citizenship.**    Defendants are informed and believe that "La-Z-Boy Furniture Galleries" is not a legal entity and does not exist.    Therefore, its citizenship should be disregarded for purposes of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

removal. *Cf. Nickerman v. Remco Hydraulics, Inc.*, 2006 WL 2329516, *4 (N.D. Cal. Aug. 9, 2006) (disregarding citizenship of "dissolved de facto" corporation for removal purposes because it effectively no longer exists). Indeed, Defendants are informed and believe that no service of process has been attempted by Plaintiff on this non-existent entity.

13. **Doe Defendants.** DOES 1 through 50 are fictitious defendants whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a).

14. Accordingly, *neither* LZBR nor LZBI was or is a citizen of the States of California or Washington. Rather, Defendants were and are citizens of the State of Michigan for the purpose of determining jurisdiction, while Plaintiff is a citizen of the State of Washington. Thus, the complete diversity of citizenship requirement under 28 U.S.C. § 1332(a)(1) is satisfied.

## C.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. Consistent with Fed. R. Civ. P. 8(a), a removing defendant's notice of removal need only contain plausible allegations to demonstrate the amount in controversy. Evidentiary submissions are ***not required*** unless and until the removing defendant's allegations are contested by the plaintiff or questioned by the Court:

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This standard applies to complaints like the Complaint in this action, which do not allege or seek a specific amount of damages:

> When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy … the Supreme Court has said that a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal.

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-98 (2015) (citing *Dart Cherokee*).

16.    A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("*Red Cab*")).  Here, in determining the amount in controversy for purposes of removal, the ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint—not what a court or jury might later determine to be the actual amount of damages, if any.  *See, e.g.*, *Ibarra*, 775 F.3d at 1198 n.1 (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are *in controversy*," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal" (emph. added) (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998)); *Red Cab*, 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in the case of a removal"); *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is] the sum put in controversy by the plaintiff's complaint").[2] The Court must presume that Plaintiff will prevail on each and every one of his claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002)

17.    Additionally, as the Ninth Circuit held in *Chavez v. JPMorgan Chase & Co.*, "the amount in controversy is not limited to damages incurred prior to removal … [r]ather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses *all relief a court may grant on that complaint if the plaintiff is victorious*."  888 F.3d 413, 414-15, 417-18 (9th Cir. 2018).  Accordingly,

---

[2] *See also, e.g.*, *Wilder v. Bank of Am.*, 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) (determining amount in controversy requires the court to assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the amount in controversy properly includes <u>all</u> relief available to Plaintiff through the end of trial.

### *Civil Penalties*

18.   Plaintiff's Complaint purports to seek penalties pursuant to the California Labor Code Private Attorneys General Act, Cal. Lab. Code § 2698 et seq. ("PAGA"), on behalf of Plaintiff and other "aggrieved employees" based on the California Labor Code and California Industrial Welfare Commission ("IWC") Wage Order violations alleged in the Complaint.  *See* Paragraph 2, above.  The statute of limitations on claims for PAGA penalties is one year and is tolled for up to 65 days after the requisite notice of the alleged violations of the California Labor Code is given to the California Labor and Workforce Development Agency ("LWDA") (the "PAGA Notice").  *See* Cal. Labor Code § 2699.3; Cal. Code Civ. P. § 340.  *See also Thomas v. Home Depot USA Inc.*, 527 F.Supp.2d 1003, 1007 (N.D. Cal. 2007). Plaintiff filed his Complaint in this action on February 28, 2022, and alleges that he sent his PAGA Notice to the LWDA on October 7, 2021.  *See* Exh. A (Complaint) ¶ 22 & Exh. 1 thereto.

19.   A PAGA default penalty may be awarded for each aggrieved employee in the amount of $100 per pay period for an initial violation of the Labor Code or IWC Wage Order, and $200 per pay period for each subsequent violation, unless there is already an established civil penalty provided for such violation.  Cal. Lab. Code § 2699(f)(2).

20.   Plaintiff's Complaint purports to seek all available penalties pursuant to PAGA based on the following alleged legal violations and Labor Code penalties sections cited therein:

| Alleged Claim/Violation | Labor Code Sections Allegedly Violated | Corresponding Penalties Sought |
|---|---|---|
| Failure to pay all regular and minimum wages | Lab. Code § 1182.12<br>Lab. Code § 1194<br>Lab. Code § 1197<br>Lab. Code § 1198 | Lab. Code § 558(a)<br>Lab. Code § 1197.1<br>Lab. Code § 2699(f) |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| Alleged Claim/Violation | Labor Code Sections Allegedly Violated | Corresponding Penalties Sought |
|---|---|---|
| | IWC Wage Orders | |
| Failure to pay overtime wages | Lab. Code § 558<br>Lab. Code § 1198<br>IWC Wage Orders | Lab. Code § 558(a)<br>Lab. Code § 2699(f) |
| Failure to provide meal breaks and/or pay meal break premiums | Lab. Code § 226.7<br>Lab. Code § 512<br>Lab. Code § 1198<br>IWC Wage Orders | Lab. Code § 558(a)<br>Lab. Code § 2699(f) |
| Failure to provide rest breaks and/or pay rest break premiums | Lab. Code § 226.7<br>Lab. Code § 516<br>Lab. Code § 1198<br>IWC Wage Orders | Lab. Code § 558(a)<br>Lab. Code § 2699(f) |
| Untimely payment of wages | Lab. Code § 204<br>Lab. Code § 204b | Lab. Code § 558(a)<br>Lab. Code § 2699(f) |
| Wage statement violations | Lab. Code § 226 | Lab. Code § 226.3<br>Lab. Code § 2699(f) |
| Failure to pay all wages upon separation | Lab. Code § 201<br>Lab. Code § 202<br>Lab. Code § 203<br>IWC Wage Orders | Lab. Code § 558(a)<br>Lab. Code § 2699(f) |
| Failure to reimburse business expenses | Lab. Code § 2802 | Lab. Code § 2699(f) |
| Paid sick leave violations | Lab. Code § 246(b)<br>Lab. Code § 246(i) | Lab. Code § 248.6<br>Lab. Code § 2699(f) |
| Recordkeeping violations | Lab. Code § 1174<br>Lab. Code § 1198<br>IWC Wage Orders | Lab. Code § 1174.5<br>Lab. Code § 2699(f) |
| Failure to produce records | Lab. Code § 226(b)<br>Lab. Code § 432<br>Lab. Code § 1198.5 | Lab. Code § 226(f)<br>Lab. Code § 1198.5(k)<br>Lab. Code § 2699(f) |
| Failure to pay all vested vacation wages at separation | Lab. Code § 227.3 | Lab. Code § 2699(f) |

*See* Exh. A (Complaint), ¶¶ 22, 25-28, 30-31, 34, 36, 38-40, 42-43, 50-51, 57-58, 60-61, 63-65, 67-70, 72-73, 75-77, 79-80, 82-83, 85-88, 90, 94-95, 101-102, Prayer for Relief at ¶ a., and Exh 1 thereto.

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

21.    LZBR's personnel, payroll, timekeeping, and wage records for Plaintiff during the term of his employment with LZBR in California were analyzed to determine the following:

a.    Plaintiff was employed by LZBR in California for a total of 21 pay periods from January 12, 2021 through October 23, 2021;

b.    Plaintiff received a total of 21 wage statements during his employment in California;

c.    Plaintiff recorded 19 pay periods in California that were actually worked by him (i.e., with work hours recorded as distinguished from, for example, vacation hours);

d.    Plaintiff worked 13 pay periods in California during which he was paid a base hourly rate of $13.00 per hour;

e.    Plaintiff worked 12 pay periods in California during which he was paid (i) a base hourly rate of $13.00 per hour and (ii) overtime wages in the same pay period;

f.    Plaintiff worked 19 pay periods in California with at least one shift of more than 5 recorded hours of work on which a meal break was (i) not recorded; (ii) recorded as being taken after the end of the fifth hour of work; and/or (iii) recorded as being less than 30 minutes;

g.    Plaintiff worked 19 pay periods in California with at least one shift of more than 6 recorded hours of work;

h.    Plaintiff received paid sick leave in one pay period worked in California;

i.    Plaintiff had accrued and unused vacation remaining at the end of his employment in California;

j.    At all times during his employment, Plaintiff was paid on a bi-weekly pay schedule;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

k.    The recorded last date of Plaintiff's employment with LZBR in California fell on the last day of the corresponding bi-weekly pay period. Based on LZBR's regular bi-weekly payroll cycle, three pay periods are subsumed within the ensuing the 30-day period following Plaintiff's recorded last date of employment in California.

22.    Based on the foregoing data, and the legal violations allegations of the Complaint and incorporated PAGA Notices attached thereto as Exhibit 1, Defendants aver that the total amount in controversy on Plaintiff's claims for PAGA penalties exceeds $75,000.00 based solely, at this juncture, on the violations he claims to have experienced.

### i. <u>Failure to Pay Regular and Minimum Wages</u>

23.    In support of his claim for failure to pay regular and minimum wages for all hours worked, Plaintiff advances two different theories of liability. *First*, Plaintiff alleges that he was paid a "deficient hourly rate" that was "less than the California minimum wage, and less than all applicable local minimum wage ordinances in effect." Exh. A (Complaint), ¶¶ 27-28. Specifically, Plaintiff alleges that, "[s]tarting in the pay period beginning on March 28, 2021, and continuing throughout the remainder of his employment, Defendants paid Plaintiff $13.00 per hour worked, which was $1.00 less than the California minimum wage, and less than all applicable local minimum wage ordinances in effect." *Id.*, ¶ 27. He further alleges that, to the extent Defendants "seek or sought to credit commissions earned by Plaintiff and/or aggrieved employees to make up the underpaid minimum wage amounts, this form of averaging is neither lawful nor permitted." *Id.*, ¶ 30. Therefore, Plaintiff alleges that he experienced minimum wage violations when he was paid base hourly rates that were less than the applicable statutory minimum wage rate. *Second*, Plaintiff alleges that he was required to respond to customers and provide remote assistance with closing the store off the clock and that he also worked "off the clock without pay due

to the time adjustments and edits" Defendants allegedly made to his time records when he "could not take a compliant meal period." *Id.*, ¶¶ 32, 33. Plaintiff alleges that he was "deprived for the hourly overtime and minimum wages, as applicable, for these hours worked during periods marked as unpaid meal periods." *Id.*, ¶ 33. Based on these allegations, Plaintiff contends that Defendants violated Labor Code §§ 1182.12, 1194, 1197 and 1198 and the IWC Wage Orders, for which he seeks to recover penalties pursuant to Labor Code §§ 558, 1197.1, and 2699(a) & (f)(2). *Id.*, ¶¶ 57-58.

24.     For purposes of removal, Defendants calculate the amount in controversy on Plaintiff's unpaid minimum wages claim based *only* on Plaintiff's inadequate base hourly rate liability theory.

25.     Because there is not already an established civil penalty provided for violations of Labor Code §§ 1182.12, 1194 and 1198, PAGA's default penalty provision (i.e., Lab. Code § 2699(f)) establishes the applicable penalty.

26.     Labor Code § 558(a)(3) establishes the penalties for violations of the IWC Wage Orders in the amounts of $50 per underpaid employee for the initial pay period in which the employee was underpaid and $100 per underpaid employee for each subsequent pay period in which the employee was underpaid. Cal. Lab. Code § 558(a)(3).

27.     Labor Code § 1197.1 establishes the penalties for violations of Labor Code § 1197 in the amounts of $100 per underpaid employee for the initial pay period in which the violation occurred and $250 per underpaid employee for each subsequent pay period in which violations occurred. Cal. Lab. Code § 1197.1.

28.     LZBR's timekeeping and payroll data reflect that Plaintiff worked 13 pay periods in California during which he was paid a base hourly rate of $13.00 per hour.[3]

---

[3] During the entire span of Plaintiff's employment with LZBR in California,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

29.    Based on the foregoing, Defendants calculate the amount in controversy on Plaintiff's claim for failure to pay regular and minimum wages to be at least **$11,850.00**, as follows:

| Labor Code § 2699(f) Default PAGA Penalties | | | |
|---|---|---|---|
| Initial Pay Period Penalty: | | $100.00 x 1 pay period | |
| Subsequent Pay Period Penalties: | | $200.00 x 12 pay periods | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 1182.12 | $100.00 | $2,400.00 | **$2,500.00** |
| LC 1194 | $100.00 | $2,400.00 | **$2,500.00** |
| LC 1198 | $100.00 | $2,400.00 | **$2,500.00** |
| Labor Code § 558(a) Penalties | | | |
| Initial Pay Period Penalty: | | $50.00 x 1 pay period | |
| Subsequent Pay Period Penalties: | | $100.00 x 12 pay periods | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| IWC Wage Orders[4] | $50.00 | $1,200.00 | **$1,250.00** |
| Labor Code § 1197.1 Penalties | | | |
| Initial Pay Period Penalty: | | $100.00 x 1 pay period | |
| Subsequent Pay Period Penalties: | | $250.00 x 12 pay periods | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 1197 | $100.00 | $3,000.00 | **$3,100.00** |
| **TOTAL:** | | | **$11,850.00** |

### ii.    Failure to Pay Overtime Wages

30.    Plaintiff's claim for overtime wages is predicated on two theories of liability.  *First*, Plaintiff alleges that Defendants failed to pay overtime at the lawful

---

the applicable statutory state minimum wage rate was $14.00 per hour.  *See* Cal. Lab. Code § 1182.12(b)(1)(E).

[4] In connection with his claim for unpaid minimum and regular wages, Plaintiff alleges that Defendants violated four separate sections of the applicable IWC Wage Orders.  Plaintiff similarly alleges multiple violations of IWC Wage Order sections in connection with his other claims for relief.  However, for purposes of this removal, Defendants have treated the separate IWC Wage Order sections violations alleged under each claim as giving rise to only a single set of PAGA penalties.  Defendants reserve the right to amend or supplement this Notice of Removal to include additional amount in controversy calculations for each IWC Wage Order section alleged to have been violated.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

rate of pay due to their failure to include bonuses or commissions in the regular rate of pay. *See* Exh. A (Complaint), ¶ 31. *Second*, Plaintiff alleges that "Defendants' overtime payment practices were unlawful because Defendants, in some pay periods, paid overtime as a multiple of the sub-minimum wage base hourly rate (*i.e.*, $13.00 per hour in 2021) rather than the minimum wage." *Id.* He further alleges that "[t]his resulted in separate overtime underpayment as the base overtime rate must at a minimum be one and one-half times the minimum wage, even if there are no excess earnings to include in the regular rate of pay." *Id.* Based on these allegations, Plaintiff contends that Defendants violated Labor Code §§ 510 and 1198 and the IWC Wage Orders, for which he seeks to recover penalties pursuant to Labor Code §§ 558(a) and 2699(a) & (f)(2). *Id.*, ¶¶ 60-61.

31. For purposes of removal, Defendants calculate the amount in controversy on Plaintiff's unpaid minimum wages claim based *only* on this inadequate base overtime rate liability theory.

32. Because there is not already an established civil penalty provided for violations of Labor Code § 1198, PAGA's default penalty provision (i.e., Lab. Code § 2699(f)) establishes the applicable penalty.

33. Labor Code § 558(a)(3) establishes the penalties for violations of Labor Code § 510 and the IWC Wage Orders in the amounts of $50 per underpaid employee for the initial pay period in which the employee was underpaid and $100 per underpaid employee for each subsequent pay period in which the employee was underpaid. Cal. Lab. Code § 558(a)(3).

34. LZBR's timekeeping and payroll data reflect that Plaintiff worked 12 pay periods in California during which he was paid a base hourly rate of $13.00 per hour and paid overtime wages in the same pay period.

35. Based on the foregoing, Defendants calculate the amount in controversy on Plaintiff's claim for failure to pay regular and minimum wages to be at least **4,600.00**, as follows:

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| Labor Code § 2699(f) Default PAGA Penalties | | | |
|---|---|---|---|
| Initial Pay Period Penalty: | | $100.00 x 1 pay period | |
| Subsequent Pay Period Penalties: | | $200.00 x 11 pay periods | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 1198 | $100.00 | $2,200.00 | **$2,300.00** |
| Labor Code § 558(a) Penalties | | | |
| Initial Pay Period Penalty: | | $50.00 x 1 pay period | |
| Subsequent Pay Period Penalties: | | $100.00 x 11 pay periods | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 510 | $50.00 | $1,100.00 | **$1,150.00** |
| IWC Wage Orders | $50.00 | $1,100.00 | **$1,150.00** |
| **TOTAL:** | | | **$4,600.00** |

### iii.   <u>Failure to Provide Meal Breaks and/or Pay Meal Break Premiums</u>

36.   Plaintiff alleges that Defendants committed three types of meal break violations:   *First*, Plaintiff alleges that Defendants "willfully failed in their affirmative obligation to consistently provide Plaintiff and aggrieved employees compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour [] for each work period of more than five hours per day and a second on-duty meal period of not less than 30 minutes beginning before the tenth hour of  [] work …"  Exh. A (Complaint), ¶ 63.  Plaintiff contends that "[t]ime records showing noncompliant meal periods raise a rebuttable presumption of meal period violations," that meal period violations "are evident from the time records maintained by Defendants, which show late, short and missed meal periods without an associated meal period premium on the corresponding wage statement," and that "Plaintiff's time records reveal numerous meal period violation that are apparent from the face of the records."  *Id.*, ¶ 35.  *Second*, Plaintiff alleges Defendants "maintained a policy and practice of editing and changing time records to manually enter a 30-minute meal period into the respective employee's time records, even though Plaintiff and other aggrieved employees worked during these meal periods."  *Id.*, ¶ 33.  *Third*, Plaintiff alleges that "[w]hen Defendants did not provide fully compliant meal periods,

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendants failed to pay aggrieved employees a meal period premium at the regular rate of compensation…." *Id.*, ¶ 35.  Based on these allegations, Plaintiff contends that Defendants violated Labor Code §§ 226.7, 512 and 1198 and the IWC Wage Orders, for which he seeks to recover penalties pursuant to Labor Code §§ 558(a) and 2699(a) & (f)(2).  *Id.*, ¶¶ 63-65.

37.    Because there is not already an established civil penalty provided for violations of Labor Code §§ 226.7 and 1198, PAGA's default penalty provision (i.e., Lab. Code § 2699(f)) establishes the applicable penalty.

38.    Labor Code § 558(a)(3) establishes the penalties for violations of Labor Code § 512 and the IWC Wage Orders in the amounts of $50 per underpaid employee for the initial pay period in which the employee was underpaid and $100 per underpaid employee for each subsequent pay period in which the employee was underpaid.  Cal. Lab. Code § 558(a)(3).

39.    LZBR's timekeeping and payroll data reflect that Plaintiff worked 19 pay periods with at least one shift of more than 5 recorded hours of work on which a meal break was (i) not recorded; (ii) recorded as being taken after the end of the fifth hour of work; and/or (iii) recorded as being less than 30 minutes.

40.    Based on the foregoing, Defendants calculate the amount in controversy on Plaintiff's claim for meal break violations to be at least **$11,100.00**, as follows:

///
///
///
///
///
///
///
///
///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| Labor Code § 2699(f) Default PAGA Penalties | | | |
|---|---|---|---|
| Initial Pay Period Penalty: | | $100.00 x 1 pay period | |
| Subsequent Pay Period Penalties: | | $200.00 x 18 pay periods | |
| | | | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 226.7 | $100.00 | $3,600.00 | **$3,700.00** |
| LC 1198 | $100.00 | $3,600.00 | **$3,700.00** |
| Labor Code § 558(a) Penalties | | | |
| Initial Pay Period Penalty: | | $50.00 x 1 pay period | |
| Subsequent Pay Period Penalties: | | $100.00 x 18 pay periods | |
| | | | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 512 | $50.00 | $1,800.00 | **$1,850.00** |
| IWC Wage Orders | $50.00 | $1,800.00 | **$1,850.00** |
| **TOTAL:** | | | **$11,100.00** |

#### iv.  **Failure to Provide Rest Breaks and/or Pay Rest Break Premiums**

41.    Plaintiff's rest break claim is predicated on three types of purported failures "to authorize or permit ten-minute rest periods for every four hours of work or major faction[sic] thereof …"   Exh. A (Complaint), ¶ 36.  *First*, Plaintiff alleges that Defendants' "Retail Employee Policy Manual only allows '[a]ssociates who work more than four hours and less than eight hours … one 10-minute paid break period,' even though California requires more for those employees who work 6 hours but less than 8 hours in a workday."  *Id.*  In other words, he alleges that, pursuant to Defendants' uniform policies, employees who worked more than 6 hours were <u>never</u> authorized or permitted to take a legally-mandated second rest break.  *Second*, Plaintiff alleges that "[p]er company policy, management was required to designate meal and rest period time for associates, but Defendants did not maintain a policy or practice of actually scheduling or designating those breaks."  *Id.*, ¶ 37.  *Third*, Plaintiff alleges that Defendants "committed separate rest period violations by failing to pay Plaintiff and the aggrieved employees' rest period [sic] at the applicable minimum wage" due to "their policy and practice of paying for rest period time at a rate of less than the minimum wage, (*i.e.*, $13.00 in 2021)…."  *Id.*, ¶ 38.  *In addition*,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Baker & Hostetler llp
Attorneys at Law
Los Angeles

Plaintiff alleges that "Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and aggrieved employees one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided…." *Id.*, ¶ 68.  Based on these allegations, Plaintiff contends that Defendants violated Labor Code §§ 226.7, 516, 1198 and the IWC Wage Orders, for which he seeks to recover penalties pursuant to Labor Code §§ 558(a) and 2699(a) & (f)(2). *Id.*, ¶¶ 67-69.

42.    Because there is not already an established civil penalty provided for violations of Labor Code §§ 226.7 and 1198, PAGA's default penalty provision (i.e., Lab. Code § 2699(f)) establishes the applicable penalty.

43.    Labor Code § 558(a)(3) establishes the penalties for violations of Labor Code § 516 and the IWC Wage Orders in the amounts of $50 per underpaid employee for the initial pay period in which the employee was underpaid and $100 per underpaid employee for each subsequent pay period in which the employee was underpaid.  Cal. Lab. Code § 558(a)(3).

44.    LZBR's timekeeping and payroll data reflect that Plaintiff worked 19 pay periods with at least one shift of more than 6 recorded hours of work on which he would have been entitled to take two rest breaks.  Given the Complaint's allegations, Defendants can reasonably assume that Plaintiff will claim to have not been authorized or permitted to take a second rest break nor paid a rest break premium for the missed rest break on each day worked of more than 6 hours.

45.    Based on the foregoing, Defendants calculate the amount in controversy on Plaintiff's claim for rest break violations based *only*[5] on the alleged non-provision of *second* rest breaks and associated rest break premiums to be at least **$11,100.00**, as follows:

---

[5] Defendants reserve the right to amend or supplement this Notice of Removal to include amount in controversy calculations based on Plaintiff's other theories of liability, including his allegations pertinent to the non-provision of *first* rest breaks.

| Labor Code § 2699(f) Default PAGA Penalties | | | |
|---|---|---|---|
| Initial Pay Period Penalty: | | $100.00 x 1 pay period | |
| Subsequent Pay Period Penalties: | | $200.00 x 18 pay periods | |
| | | | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 226.7 | $100.00 | $3,600.00 | **$3,700.00** |
| LC 1198 | $100.00 | $3,600.00 | **$3,700.00** |
| Labor Code § 558(a) Penalties | | | |
| Initial Pay Period Penalty: | | $50.00 x 1 pay period | |
| Subsequent Pay Period Penalties: | | $100.00 x 18 pay periods | |
| | | | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 516 | $50.00 | $1,800.00 | **$1,850.00** |
| IWC Wage Orders | $50.00 | $1,800.00 | **$1,850.00** |
| **TOTAL:** | | | **$11,100.00** |

## v.  Untimely Payment of Wages

46.   Plaintiff alleges, *without qualification*, that "Defendants willfully failed in their affirmative obligation to timely pay all wages and premiums earned by Plaintiff and aggrieved employees twice during each calendar month … in violation of Labor Code sections 204 and 204b and the IWC Wage Orders…."  *See* Exh. A (Complaint), ¶ 72.   Based on these allegations, Plaintiff contends that Defendants violated Labor Code §§ 204 and 204b and the IWC Wage Orders, for which he seeks to recover penalties pursuant to Labor Code §§ 558(a) and 2699(a) & (f)(2).  *Id.*, ¶¶ 72-73.

47.   Based on Plaintiff's allegations, Defendants can reasonably assume that Plaintiff seeks to recover penalties for each of the 19 pay periods in which he actually performed work for LZBR during his employment in California (and for which he also seeks penalties based on Defendants' alleged failure to pay break premiums for recorded short, late or missed meal breaks).

48.   Labor Code § 210 establishes the penalties for violations of Labor Code §§ 204 and 204b in the amounts of $100 for the initial pay period in which there is a failure to pay each employee, and $200 for each subsequent pay period in which

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

there is a failure to pay each employee.

49.    Labor Code § 558(a)(3) establishes the penalties for violations of the IWC Wage Orders in the amounts of $50 per underpaid employee for the initial pay period in which the employee was underpaid and $100 per underpaid employee for each subsequent pay period in which the employee was underpaid.  Cal. Lab. Code § 558(a)(3).

50.    Based on the foregoing, Defendants calculate the amount in controversy on Plaintiff's claim for untimely payment of wages to be at least **$9,250.00**, as follows:

| Labor Code § 2699(f) Default PAGA Penalties | | | |
|---|---|---|---|
| Initial Pay Period Penalty: | $100.00 x 1 pay period | | |
| Subsequent Pay Period Penalties: | $200.00 x 18 pay periods | | |
| | | | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 204 | $100.00 | $3,600.00 | **$3,700.00** |
| LC 204b | $100.00 | $3,600.00 | **$3,700.00** |
| Labor Code § 558(a) Penalties | | | |
| Initial Pay Period Penalty: | $50.00 x 1 pay period | | |
| Subsequent Pay Period Penalties: | $100.00 x 18 pay periods | | |
| | | | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| IWC Wage Orders | $50.00 | $1,800.00 | **$1,850.00** |
| **TOTAL:** | | | **$9,250.00** |

### vi.    Wage Statement/Labor Code § 226 Recordkeeping Violations

51.    Plaintiff alleges that the information reported on his wage statements were inaccurate for several reasons.  *First*, he alleges that, "on ***each*** wage statement furnished," Defendants "failed to accurately state the 'gross wages earned' and 'net wages earned,'" because Plaintiff and aggrieved employees "earned overtime at one and one-half times their regular rate of pay, but were underpaid overtime on an hourly basis, and were deprived of all meal and rest period premiums earned, resulting in an inaccurate itemization of gross and net wages earned on those wage statements."  *See* Exh. A (Complaint), ¶ 42 (emph. added).  *Second*, he alleges that,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

"on *each* wage statement furnished," Defendants failed to "accurately state 'all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee,'" because it: (a) failed to list the applicable hourly overtime rate, but instead, a purported "half-time calculation" that is not reflective of the actual hourly overtime rate; (b) inaccurately included overtime hours in the "Regular" hours category; (c) stated the hourly rate in effect for certain regular and overtime hours incorrectly given that the aggrieved employees should have been paid at higher hourly rates to comply with minimum wage requirements; and (d) "inaccurately listed the base rate due to minimum wage underpayments and inaccurately listed make-up pay in subsequent pay periods for prior pay periods' underpayment of wages." *Id.*, ¶ 43 (emph. added). Finally, Plaintiff alleges the "total hours worked during the pay period" were inaccurately listed because Defendants failed to account for off-the-clock work performed during meal periods. *Id.*, ¶ 44.

52.   In addition, Plaintiff also alleges that Defendants "fail[ed] to accurately maintain records of pay for all hours worked at the appropriate lawful rates of pay (*i.e.,* unrecorded off-the-clock hours)." *Id.*, ¶ 51.

53.   Based on these allegations, Plaintiff contends that Defendants violated Labor Code § 226 and the IWC Wage Orders, for which he seeks to recover penalties pursuant to Labor Code §§ 226.3 and 2699(a) & (f)(2). *Id.*, ¶¶ 76-77.

54.   Because there is not already an established civil penalty for violations of the *wage statement reporting* requirements of Labor Code § 226, PAGA's default penalty provision (i.e., Lab. Code § 2699(f)) arguably establishes the applicable penalty.

55.   With respect to the *recordkeeping requirements* of Labor Code § 226, in contrast, Labor Code § 226.3 establishes the penalty for a violation of those requirements, and it provides that "[a]n employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty

dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, *for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226*." Cal. Lab. Code § 226.3 (emph. added).

56.    Based on Plaintiff's allegations, Defendants can reasonably assume that Plaintiff seeks to recover penalties for the alleged wage statement reporting violations for each of the 19 pay periods in which he actually performed work for LZBR during his employment in California (and for which he also seeks penalties based on Defendants' alleged failure to pay break premiums for short, late or missed meal breaks recorded). As for Defendant's recordkeeping violations claim, Defendant assumes that Plaintiff will only seek to recover the initial citation penalty.

57.    Based on the foregoing, Defendants calculate the amount in controversy on Plaintiff's claim for wage statement and recordkeeping violations pursuant to Cal. Lab. Code § 226 to be at least **$3,950.00**, as follows:

| Labor Code § 2699(f) Default PAGA Penalties | | | |
|---|---|---|---|
| Initial Pay Period Penalty: | $100.00 x 1 pay period | | |
| Subsequent Pay Period Penalties: | $200.00 x 18 pay periods | | |
| | | | |
| <u>Violations Alleged</u> | <u>Initial Penalty</u> | <u>Subsequent Penalties</u> | <u>Subtotal</u> |
| LC 226 (Wage Statements) | $100.00 | $3,600.00 | **$3,700.00** |
| Labor Code § 226.3 Penalties | | | |
| Initial Citation Penalty: | $250.00 x 1 pay period | | |
| | | | |
| <u>Violations Alleged</u> | <u>Initial Penalty</u> | <u>Subsequent Penalties</u> | <u>Subtotal</u> |
| LC 226 (Recordkeeping) | $250.00 | N/A | **$250.00** |
| **TOTAL:** | | | **$3,950.00** |

### vii.    **Failure to Timely Pay All Wages Upon Separation of Employment**

58.    Plaintiff alleges that "Defendants failed to timely pay all wages owed each pay day or upon separation of employment (or within 72 hours thereof in violation of Labor Code sections 201 through 203 ...." Exh. A (Complaint), ¶ 39;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*see also id.*, ¶ 79. He further alleges that Defendants have "willfully failed in their affirmative obligation to pay **all** wages earned and unpaid to Plaintiff and aggrieved immediately upon termination of employment or within 72 hours thereafter … and further **failed to pay those sums for 30 days thereafter** in violation of Labor Code sections 201 through 203 and the IWC Wage Orders." *Id.*, ¶ 79 (emph. added). Plaintiff also contends that he and other aggrieved employees were *never* paid the wages and premium payments that he contends were due to them. *See id.*, ¶ 39 ("With respect to the unpaid wages and premiums owed to Plaintiff and aggrieved employees, Defendants failed to pay those wages … upon separation of employment.") Based on these allegations, Plaintiff contends that Defendants violated Labor Code §§ 201-203 and the IWC Wage Orders, for which he seeks to recover penalties pursuant to Labor Code §§ 558 and 2699(a) & (f)(2). *Id.*, ¶¶ 79-80.

59. Labor Code § 201 provides that the wages of an employee whose employment is involuntarily terminated must be paid at the time of discharge. Labor Code § 202 provides that the wages of an employee who voluntarily resigns his or her employment are due and payable within 72 hours of the notice of resignation. Labor Code § 203 provides that an employer that willfully fails to pay final wages in accordance with Labor Code §§ 201 and 202 shall pay waiting time penalties in the amount of such employee's final daily wages for up to 30 days as long as the owed final wages remain unpaid. Because there is not already an established civil penalty provided for violations of Labor Code §§ 201-203, PAGA's default penalty provision (i.e., Lab. Code § 2699(f)) establishes the applicable penalty.

60. For purposes of calculating the amount in controversy, Defendants reasonably assume that Plaintiff will seek a penalty for an alleged violation of either Labor Code §§ 201 *or* 202 (but not both). Defendants also assume that Plaintiff will seek to recover (i) only the initial PAGA penalty for the violation of Labor Code §§ 201 or 202 that allegedly occurred in the pay period that Plaintiff's California-based employment with LZBR ended, and (ii) the initial and subsequent PAGA penalties

for the violation of Labor Code § 203 that allegedly occurred during the three pay periods subsumed within the 30-day, post-separation waiting time penalties period provided under the statute.

61.    Labor Code § 558(a)(3) establishes the penalties for violations of the IWC Wage Orders in the amounts of $50 per underpaid employee for the initial pay period in which the employee was underpaid and $100 per underpaid employee for each subsequent pay period in which the employee was underpaid.  Cal. Lab. Code § 558(a)(3).  Defendants assume that Plaintiff will seek to recover only the initial penalty for the violation of the IWC Wage Order allegedly resulting from the failure to pay all final wages upon separation.

62.    Based on the foregoing, Defendants calculate the amount in controversy on Plaintiff's claim for failure to timely pay all wages at separation to be at least **$650.00**, as follows:

| Labor Code § 2699(f) Default PAGA Penalties | | | |
|---|---|---|---|
| Initial Pay Period Penalty: | $100.00 x 1 pay period | | |
| Subsequent Pay Period Penalties: | $200.00 x 2 pay periods | | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 201/202 | $100.00 | N/A | **$100.00** |
| LC 203 | $100.00 | $400.00 | **$500.00** |
| Labor Code § 558(a) Penalties | | | |
| Initial Pay Period Penalty: | $50.00 x 1 pay period | | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| IWC Wage Orders | $50.00 | N/A | **$50.00** |
| **TOTAL:** | | | **$650.00** |

### viii.    **Failure to Reimburse Business Expenses**

63.    Plaintiff alleges that "Defendants failed to reimburse Plaintiff and aggrieved employees with a stipend or reasonable percentage reimbursement allowance allotted to their use of personal cell phones and data for work activities." Exh. A (Complaint), ¶ 40.  More specifically, Plaintiff alleges that "Defendants

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

issued Plaintiff and other aggrieved employees La-Z-Boy business cards that contains each person's assigned La-Z-Boy email address, which were given to customers," and that "Plaintiff and other aggrieved employees used their personal cell phones to communicate via email and cell phone with co-workers and customers regarding sales, customer complaints, delivery scheduling and other delivery delays using work related emails, phone calls, and text messages on their personal cell phones." *Id.*, ¶ 32. Plaintiff further alleges that he was "required to respond to communications on [his] personal cell phone[], even during times when [he] [was] not at work and during [his] unpaid meal periods," and that he "was also contacted while he was at home (off the clock) to remotely assist with closing the store (*i.e.*, issues with cash registers) and was not paid for this time." *Id.* Based on these allegations, Plaintiff contends that Defendants violated Labor Code §§ 2802, for which he seeks to recover penalties pursuant to Labor Code § 2699(a) & (f)(2). *Id.*, ¶¶ 82-83.

64.    Because there is not already an established civil penalty provided for violations of Labor Code § 2802, PAGA's default penalty provision (i.e., Lab. Code § 2699(f)) establishes the applicable penalty.

65.    LZBR's personnel, timekeeping and payroll records reflect that Plaintiff was employed by LZBR in California for a total of 21 pay periods from January 12, 2021 through October 23, 2021. Given Plaintiff's allegation that he was contacted on his personal cell phone for work-related matters even when he was not at work, Defendants can reasonably assume that Plaintiff will seek to recover a penalty for each and every pay period during his employment with LZBR in California, including any pay periods he was not scheduled to work. Consequently, Defendants calculate the amount in controversy on Plaintiff's claim for failure to reimburse business expenses to be at least **$4,100.00**, as follows:

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| Labor Code § 2699(f) Default PAGA Penalties | | | |
|---|---|---|---|
| Initial Pay Period Penalty: | | $100.00 x 1 pay period | |
| Subsequent Pay Period Penalties: | | $200.00 x 20 pay periods | |
| | | | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 2802 | $100.00 | $4.000.00 | **$4,100.00** |
| **TOTAL:** | | | **$4,100.00** |

### ix. <u>Paid Sick Leave Violations</u>

66. Plaintiff's claim for paid sick leave violations is predicated on two distinct types of violations: *First*, Plaintiff alleges that "Defendants failed to provide … sick leave in the manner required by statute" because "aggrieved employees did not accrue sick leave at the rate required by the statute." *See* Complaint (Exh. A), ¶ 49. To that end, Plaintiff alleges that "for the pay period ending on June 5, 2021, Plaintiff worked 38.65 hours, but only accrued 1 hour of paid sick leave, which is less than what is statutorily required (*i.e.*, 1 hour for every 30 hours worked)." *Id. Second*, Plaintiff alleges that "Defendants failed to … pay sick leave in the manner required by statute" because "Defendants failed to pay such sick leave at the correct rate, which should have taken into account the commissions, bonuses and other remuneration paid to the aggrieved employees." *Id.*; *see also id.*, ¶ 89. Based on the foregoing, Plaintiff contends that Defendants violated Labor Code §§ 246(b)(1) (accrual rate) and 246(l) (pay rate), for which he seeks to recover penalties pursuant to Labor Code §§ 248.5 and 2699(a) & (f)(2). *Id.*, ¶¶ 86-90.

67. Labor Code §§ 248.5(b)(2) and (e) provide that if paid sick days are unlawfully withheld, a penalty may be recovered in the "the dollar amount of paid sick days withheld from the employee multiplied by three; or two hundred fifty dollars ($250), whichever amount is greater," but not to exceed an aggregate penalty of four thousand dollars ($4,000). Lab. Code §§ 248.5(b)(2), (e).

68. With respect to Plaintiff's claim that paid sick days were paid at an incorrect rate, because there is not already an established civil penalty provided for

such a violation, PAGA's default penalty provision (i.e., Lab. Code § 2699(f)) establishes the applicable penalty.

69.    During Plaintiff's employment with LZBR, he received paid sick leave in one pay period worked in California.    Consequently, based on Plaintiff's Complaint allegations, including his allegation that Defendants unlawfully withheld paid sick leave for the pay period ending on June 5, 2021, Defendants calculate the amount in controversy on Plaintiff's claim for paid sick leave violations to be at least **$350.00**, as follows:

| Labor Code § 2699(f) Default PAGA Penalties | | |
|---|---|---|
| Initial Pay Period Penalty: | $100.00 x 1 pay period | |
| | | |
| Violations Alleged    Initial Penalty | Subsequent Penalties | Subtotal |
| LC 246(b)(1)            $100.00 | N/A | **$100.00** |
| Labor Code § 248.5 Penalties | | |
| Minimum Penalty: | $250.00 | |
| | | |
| Violations Alleged | Minimum Penalty | Subtotal |
| LC 246(l) | $250.00 | **$250.00** |
| **TOTAL:** | | **$350.00** |

### x.  **Recordkeeping Violations**

70.    Plaintiff alleges that "Defendants willfully failed in their affirmative obligation to maintain accurate records showing the hours worked daily and wages paid to the aggrieved employees, in violation of Labor Code sections 1174, 1198 and the IWC Wage Orders (the 'Records' sections of the applicable orders)."  *See* Exh. A (Complaint), ¶ 94.  As a result, Plaintiff seeks "civil penalties as required by Labor Code section 1174.5," *see id.*, ¶ 95, and "all civil penalties under the Labor Code section 2698 *et seq.*"  *See id.* at Prayer for Relief, ¶ a.

71.    Because there is not already an established civil penalty provided for violations of Labor Code § 1198, PAGA's default penalty provision (i.e., Lab. Code § 2699(f)) establishes the applicable penalty.

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

72.    Labor Code § 1174.5 establishes the penalties for violations of Labor Code § 1174 in the amount of $500 per employee.  Cal. Lab. Code § 1174.5.

73.    Based on Plaintiff's *unqualified* allegations of Defendants' alleged recordkeeping violations, Defendants can reasonably assume that Plaintiff will seek to recover penalties for each of the 21 pay periods during his employment with LZBR in California.  Consequently, Defendants calculate the amount in controversy on Plaintiff's recordkeeping violations claim to be at least **$4,600.00**, as follows:

| Labor Code § 1174.5 Penalties | | |
|---|---|---|
| Flat Penalty:  $500 per employee | | |
| Violations Alleged | Flat Penalty | Subtotal |
| LC 1174 | $500.00 | **$500.00** |
| Labor Code § 2699(f) Default PAGA Penalties | | |
| Initial Pay Period Penalty: | $100.00 x 1 pay period | |
| Subsequent Pay Period Penalties: | $200.00 x 20 pay periods | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 1198 | $100.00 | $4.000.00 | **$4,100.00** |
| **TOTAL:** | | | **$4,600.00** |

### xi.  **Failure to Produce Employee Records**

74.    Plaintiff alleges that he "issued a records request to Defendants requesting all records due under the IWC Wage Orders (including the Records sections) and Labor Code sections 226, 432, and 1198.5," and that "Defendants willfully refused to timely provide Plaintiff with his records and eventually provided some records well after the statutory deadlines."  *See* Exh. A (Complaint), ¶ 101. Plaintiff further contends that, "[t]o date, Defendants have refused to provide Plaintiff's time records despite repeated requests to Defendants and their counsel over the course of nearly five months."  *Id.*  Based on these allegations, Plaintiff seeks to recover penalties pursuant to Labor Code §§ 226(f), 1198.5(k), and 2699(a) and (f)(2).  *Id.*, ¶¶ 97-101.

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

75.     Because there is not already an established civil penalty provided for violations of Labor Code § 432, PAGA's default penalty provision (i.e., Lab. Code § 2699(f)) establishes the applicable penalty.  Defendants assume for purposes of this removal that Plaintiff will seek to recover one initial PAGA penalty for the alleged violation of Labor Code § 432.

76.     Labor Code § 226(f) establishes the penalty for violations of Labor Code § 226(b) in the amount of $750 per failure to comply with a request for records made under Labor Code § 226.  Cal. Lab. Code § 226(f).  Defendants assume for purposes of this removal that Plaintiff will seek to recover penalties for only one alleged failure to comply with a records request made under Labor Code § 226.

77.     Labor Code § 1198.5(k) establishes the penalty for violations of Labor Code § 1198.5 in the amount of $750 per failure to comply with a request for records made under Labor Code § 1198.5.  Cal. Lab. Code § 226(f).  Defendants assume for purposes of this removal that Plaintiff will seek to recover penalties for only one alleged failure to comply with a records request made under Labor Code § 1198.5.

78.     Based on the foregoing, Defendants calculate the amount in controversy on Plaintiff's claim for failure to produce records to be at least **$1,600.00**, as follows:

| Labor Code § 2699(f) Default PAGA Penalties | | | |
|---|---|---|---|
| Initial Pay Period Penalty: | $100.00 x 1 pay period | | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 432 | $100.00 | N/A | **$100.00** |
| Labor Code § 226(f) Penalties | | | |
| Flat Penalty: $750.00 per occurrence | | | |
| Violations Alleged | | Flat Penalty | Subtotal |
| LC 226(b) | | $750.00 | **$750.00** |
| Labor Code § 1198.5(k) Penalties | | | |
| Flat Penalty: $750.00 per occurrence | | | |
| Violations Alleged | | Flat Penalty | Subtotal |
| LC 1198.5 | | $750.00 | **$750.00** |
| **TOTAL:** | | | **$1,600.00** |

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### xi.   Failure to Pay Vacation Wages at Termination

79.   Plaintiff alleges that he gave written notice to the LWDA of "the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations (the 'PAGA Notice')." *See* Exh. A (Complaint), ¶ 22.  Plaintiff also alleges that he "filed an amended PAGA Notice with the LWDA," *id.*, a copy of which is attached as Exhibit 1 to his Complaint, "to include additional facts and allegations that have been identified through subsequent investigation, along with additional claims that have developed since the filing of the original notice." *See* Exh. A (Complaint), Exh. 1 thereto at p. 36. In addition, Plaintiff alleges that "[t]he facts and theories as set forth in the PAGA Notices (Exhibit 1) are incorporated [into his Complaint] by reference as though fully set forth [t]herein." *Id.*, ¶ 26.

80.   In both of Plaintiff's PAGA Notices, which are incorporated by reference into his Complaint, he alleges that "Defendants further failed to pay all floating holidays, vacation time, and other earned or accrued paid time off upon separation of employment in violation of Labor Code section 203 and section 227.3." *See* Exh. A (Complaint), Exh. 1 thereto at pp. 34, 47.

81.   Labor Code § 227.3 provides, in pertinent part, that "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination." Cal. Lab. Code § 227.3.

82.   Because there is not already an established civil penalty provided for violations of Labor Code § 227.3, PAGA's default penalty provision (i.e., Lab. Code § 2699(f)) establishes the applicable penalty.  Furthermore, Defendants assume for purposes of removal that Plaintiff will seek to recover only one initial pay period

1    penalty for the alleged violation of Labor Code § 227.3.

2        83.    Based on the foregoing, Defendants calculate the amount in controversy

3    on Plaintiff's claim for failure to produce records to be at least **$100.00**, as follows:

| Labor Code § 2699(f) Default PAGA Penalties | | | |
|---|---|---|---|
| Initial Pay Period Penalty: | | $100.00 x 1 pay period | |
| Violations Alleged | Initial Penalty | Subsequent Penalties | Subtotal |
| LC 227.3 | $100.00 | N/A | **$100.00** |
| **TOTAL:** | | | **$100.00** |

### *Statutory Attorneys' Fees*

10        84.    Plaintiff also seeks statutory attorneys' fees pursuant to Labor Code §

11   2699(g) in connection with each and every claim alleged in the Complaint and

12   incorporated PAGA Notices. *See, e.g.*, Exh. A (Complaint), ¶¶ 58, 61, 65, 70, 73, 77,

13   80, 83, 90, 95, 102 and Prayer for Relief, ¶ b.

14        85.    In the Ninth Circuit, when attorneys' fees are authorized by statute, they

15   are appropriately part of the calculation of the "amount in controversy" for purposes

16   of removal. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir.

17   2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see Galt G/S v.

18   JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying

19   statute authorizes an award of attorneys' fees, either with mandatory or discretionary

20   language, such fees may be included in the amount in controversy.").  Moreover, "a

21   court ***must*** include **future** attorneys' fees recoverable by statute or contract when

22   assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d

23   at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he amount in

24   controversy is determined by the complaint operative at the time of removal and

25   encompasses ***all*** relief a court may grant on that complaint if the plaintiff is

26   victorious." (emph. added)).

27        86.    Where, as here, a common fund recovery is sought, the Ninth Circuit

28   uses a benchmark rate of 25% of the total potential award as an estimate for

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

attorneys' fees.  *See*, *e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% … as a benchmark award for attorney fees."); *Glass v. UBS Fin. Servs.*, 331 F. App'x 452, 457 (9th Cir. 2009) (finding 25% of total award, rather than 25% of amount actually collected by the class, "was proper, and in line with Ninth circuit precedent").

87.     Thus, applying the 25% benchmark for attorneys' fees used in the Ninth Circuit to the dollar amount of PAGA penalties in controversy on Plaintiff's individual PAGA penalties claims only, Defendants calculate the amount in controversy on the statutory attorneys' fees allocable to Plaintiff's individual PAGA penalties to be at least **$15,812.50** [($11,850.00 + $4,600.00 + $11,100.00 + $11,100.00 + $9,250.00 + $3,950.00 + $650.00 + $4,100.00 + $350.00 + $4,600.00 + $1,600.00 + $100.00) = $63,250.00 x 25%].

### ***Summary Recap of Amount in Controversy***

88.     Based on the foregoing, the amount in controversy in Plaintiff's Complaint in this action is not less than **$79,062.50**, which exceeds the $75,000.00 jurisdictional threshold:

| **Cause of Action / Claim** | **Amount in Controversy** |
| --- | --- |
| Failure to Pay Minimum & Regular Wages | $11,850.00 |
| Failure to Pay Overtime Wages | $4,600.00 |
| Meal Period Violations | $11,100.00 |
| Rest Period Violations | $11,100.00 |
| Untimely Payment of Wages | $9,250.00 |
| Wage Statement Violations | $3,950.00 |
| Late Final Wage Payments | $650.00 |
| Failure to Reimburse Business Expenses | $4,100.00 |
| Paid Sick Leave Violations | $350.00 |
| Failure to Maintain Records | $4,600.00 |
| Failure to Produce Employee Records | $1,600.00 |
| Failure to Pay Vacation Wages at Separation | $100.00 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| | |
|---|---|
| **SUBTOTAL** | **$63,250.00** |
| Statutory Attorneys' Fees @ 25% | $15,812.50 |
| **TOTAL AMOUNT IN CONTROVERSY:** | **$79,062.50** |

### CAFA REMOVAL JURISDICTION

89.    Defendants aver that this action is also removable under CAFA because, by operation of the doctrine of claim splitting and the primary right doctrine under federal and state law, this action cannot be separately maintained given that it is subsumed in an already pending class action brought by Plaintiff against Defendants that has been properly removed to this court under CAFA and traditional diversity jurisdiction.  *See Evers v. La-Z-Boy Incorporated et al.*, S.D. Cal. Case No. 3:21-cv-2100-LL-BLM (*"Evers I"*), Dkt. #1, #13-#14, #16, #18 (incorporated herein by this reference).  By extension, this action is removable under CAFA on the same grounds.

90.    As the Ninth Circuit recently held in *Mendoza v. Amalgamated Transit Union Int'l*, --- F.4th ---, 2022 WL 1041182, *2 (9th Cir. Apr. 7, 2022), a second action like this one filed by Plaintiff violates the doctrine of claim splitting.  To that end, "[p]laintiffs 'generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."'"  *Id.* at *4 (quoting *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted)).  "[T]he bar of claim-splitting is applicable if the second suit involves (1) the same causes of action as the first; and (2) the same parties or their privies."  *Id.* (citation omitted).

91.    "Whether two suits involve the same causes of action turns . . . on the application of the Restatement of Judgments' same-transaction test."  *Id.* at *5 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982); *Adams*, 487 F.3d at 689).  "That test . . . consider[s] four factors:  '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Id.* (citing *Adams*, 487 F.3d at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982))). "The 'most important' factor is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Id.* (quoting *Adams*, 487 F.3d at 689 (citations and internal quotation marks omitted)). The fact that the second, later-filed action "involves somewhat different legal theories and a somewhat broader range of related conduct and damages does not alter the underlying fundamental identity of the suits under the Restatement's same-transaction test." *Id.* (*citing Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 481 n.22 (1982) ("Res judicata has recently been taken to bar claims arising from the same transaction even if brought under different statutes.") (citing RESTATEMENT (SECOND) OF JUDGMENTS § 61(1) (Tentative Draft No. 5, Mar. 10, 1978) (additional citations omitted))).

92. As to whether the two cases involve the same parties or their privies, "under the Supreme Court's decision in *Taylor*, a nonparty to a first action may nonetheless be subject to claim preclusion—and therefore also to the bar against claim-splitting—when, *inter alia*, that nonparty was 'adequately represented by someone with the same interests who was a party' to the first suit." *Id.* (quoting *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) (simplified)). "[A] nonparty is adequately represented in a prior suit when, 'at a minimum: (1) [t]he interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty.'" *Id.* at *6 (quoting *Taylor*, 553 U.S. at 900 (citations omitted)). "'In addition, adequate representation sometimes requires (3) notice of the original suit to the persons alleged to have been represented.'" *Id.*

93. California law is aligned with this federal precedent. "The pendency of another earlier action growing out of the same transaction and between the same

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

parties [or their privies] is a ground for abatement of the second action." *Leadford v. Leadford*, 6 Cal.App.4th 571, 574 (1992); *Simmons v. Super. Ct.*, 96 Cal.App.2d 119, 122-23 (1950) ("It is settled California law that the pendency of a prior action in a court of competent jurisdiction, predicated on the same cause of action and between the same parties, constitutes good ground for abatement of a later action within the same jurisdiction either in the same court or in another court having the jurisdiction …."). To that end, a defendant's invasion of a single "primary right" gives rise to only a single cause of action. *See Crowley v. Katleman*, 8 Cal.4th 666, 681-82 (1994). Where a single primary right and injury are involved, there is only one cause of action, no matter how many counts are pled; it makes no difference that the complaint asserts different legal theories or seeks different remedies. *See Slater v. Blackwood*, 15 Cal.3d 791, 795 (1975); *see also Plotnik v. Meihaus*, 208 Cal.App.4th 1590, 1612 (2012) ("Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." (int. quot. marks omitted)). More than one wrongful act may invade a single primary right—but there *still* exists only a single cause of action, no matter how many separate counts are pled. *See, e.g.*, *Lincoln Prop. Co., N.C., Inc. v. Travelers Indem. Co.*, 137 Cal.App.4th 905, 915 (2006) ("that the cause of action gives rise potentially to both tort and contract forms of relief does not alter the fact that both claims arise out of the breach of the same primary right"). *Res judicata* and collateral estoppel bar the maintenance of a second suit on the same causes of action or issues between the same parties *or parties in privity with them*. *See, e.g.*, *Rice v. Crow*, 81 Cal.App.4th 725, 734-35.

94.    "All of the relevant claims and injuries" in this action "arose from the" conduct Plaintiff challenges in his earlier-filed *Evers I* putative class action. *Mendoza,* 2022 WL 1041182 at *6. Indeed, this action is founded on the very same causes of action (*i.e.*, the very same primary rights) that give rise to that *Evers I* putative class action already pending in this court. Under both federal and state law,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff is required to obtain full recovery for his *single* cause of action in a *single lawsuit*, but he has impermissibly *split* his cause of action into separate lawsuits—filing this second lawsuit while the same cause of action is pending in *Evers I*.  New legal theories—such as for PAGA penalties—do not make new causes of action.  *See, e.g.*, *Panos v. Great W. Packing Co.*, 21 Cal.2d 636, 638 (1943).

95.     Indeed, at the time Plaintiff filed his *Evers I* putative class action in state court on November 12, 2021, *see Evers I,* Dkt. #1 at ¶ 1, he already had notified the California Labor and Workforce Development Agency over one month earlier, on October 7, 2021, of his intent to pursue PAGA claims based on the same invasions of primary rights.  *See* Exh. A (Complaint), ¶ 22 & Exh. 1 thereto.  Inexplicably, Plaintiff did not amend his Complaint in *Evers I* to assert such PAGA claims. Instead, he improperly split them into this second, later-filed action.  However, the operative complaints in both this action and *Evers I* patently demonstrate that "a judgment in the first action would be a complete bar to the second action," *Plant Insulation*, 224 Cal.App.3d at 787-88, and that all of the factors for application of the doctrine of claim splitting to this action are satisfied here, this action cannot be separately maintained distinct from the *Evers I* putative class action, and this action is identical to the *Evers I* putative class action in terms of the invasions of primary rights at issue.  Therefore, this action is nothing more than an extension of the *Evers I* putative class action and can be properly removed under CAFA as well.

* * * * *

96.     Defendants expressly reserve and do not waive their right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action, including without limitation as to additional and/or different amounts in controversy, and as to federal question jurisdiction.

97.     In addition, nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendants of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, or allegations, or

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.

## VENUE

98.    Defendants are informed and believe that the events allegedly giving rise to this action occurred within this judicial district.  Venue lies in this Court because Plaintiff's action was filed in the Superior Court of California in and for the County of San Diego, and is thus pending in this district and division.    Accordingly, Defendants are entitled to remove this action to the United States District Court for the Southern District of California.  *See* 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

99.    This removal is timely, and this case has not previously been removed to federal court.  *See* 28 U.S.C. § 1446(b).

100.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(1)(C), which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."   Service of the Complaint was completed when Defendants executed the Notice and Acknowledgment of Receipt of Summons and Complaint on April 24, 2021.  *See* Code Civ. Proc. § 415.30.  Therefore, Defendants have timely filed this Notice of Removal within the applicable 30-day deadline for doing so.  *See Harper v. Little Caesar Enterprises, Inc.*, 2018 WL 5984841, *2 (C.D. Cal. Nov. 14, 2018) (holding that the date of execution of the notice and acknowledgment of receipt triggers the 30-day removal period); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019) (applying Fed. R. Civ. P. Rule 6 when calculating the 30-day removal clock).

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>NOTICE TO PLAINTIFF AND STATE COURT</u>

101.  Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be served on Plaintiff's counsel of record as reflected in the attached Certificate of Service.  *See* 28 U.S.C. § 1446(d).  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.  *See id.*

**WHEREFORE**, Defendants respectfully request that the above-captioned action now pending in the State Court be removed to this United States District Court.

Dated:  April 25, 2022

BAKER & HOSTETLER LLP

By:   */s/ Matthew C. Kane*

Matthew C. Kane | Sylvia J. Kim
Amy E. Beverlin | Kerri H. Sakaue

Attorneys for *Specially Appearing* Defendant La-Z-Boy Incorporated and Defendant LZB Retail, Inc.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 37 -

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT A

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, California 92108
(619) 693-7727 / (619) 350-6855 facsimile
nick@ferrarovega.com / lauren@ferrarovega.com

Attorneys for Plaintiff Dustin Evers

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/28/2022** at 11:16:43 AM

Clerk of the Superior Court
By Elizabeth Reyes, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DUSTIN EVERS, as an individual and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>LA-Z-BOY INCORPORATED, a Michigan corporation; LZB RETAIL, INC., a Michigan corporation; LA-Z-BOY FURNITURE GALLERIES; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No.   37-2022-00007717-CU-OE-CTL<br><br>**Representative Action Complaint**<br><br>1.  Failure to Pay All Regular and Minimum Wages<br>2.  Failure to Pay All Overtime Wages<br>3.  Meal Period Violations<br>4.  Rest Period Violations<br>5.  Untimely Payment of Wages<br>6.  Wage Statement Violations<br>7.  Failure to Pay All Wages Upon Separation<br>8.  Failure to Reimburse Business Expenses<br>9.  Paid Sick Leave Violations<br>10. Recordkeeping Violations<br>11. Failure to Produce Records |

EXHIBIT A

Plaintiff DUSTIN EVERS ("Plaintiff"), individually as the State of California's designated proxy under the Private Attorneys General Act ("PAGA"), and on behalf of other current and former aggrieved employees, brings this representative action against Defendants LA-Z-BOY INCORPORATED; LZB RETAIL, INC.; LA-Z-BOY FURNITURE GALLERIES; and DOES 1 through 50 (collectively, "Defendants"), alleging as follows:

## INTRODUCTION

1.    This is a case filed by Plaintiff, an aggrieved employee, seeking civil penalties against Defendants for violations of the California Labor Code.

2.    Defendants paid Plaintiff and the aggrieved employees less than the lawful minimum wage for every hour worked, including during rest periods.  Defendants paid the employees less than the statutory minimum wage, but maintained a policy and practice of using commission earnings to offset their respective minimum wage obligation, in a matter contrary to the California Labor Code and IWC Wage Orders.

3.    Defendants also miscalculated and underpaid overtime wages, because of an inaccurate "regular rate of pay" calculation method.  Defendants edited time records, such that Plaintiff and other employees were not paid for work performed during uncompensated 30-minute meal periods.  Defendants did not pay Labor Code § 226.7 premiums at the regular rate of compensation for non-compliant meal periods and rest periods—including late, short, and missed meal periods evident on the face of Defendants' employment and payroll records.  Defendants failed to provide paid sick leave at the correct rate and also failed to pay sick leave at the proper rate.  As a result of these violations, Defendants failed to timely pay Plaintiff and aggrieved employees each pay period on paydays and upon separation of employment, and thus are liable for waiting time and other statutory penalties.  Defendants required Sales Associates and other hourly employees to use La-Z-Boy-branded emails on their personal cell phones and to communicate with customers, but Plaintiff and aggrieved employees were not issued a reasonable reimbursement or stipend for such use.  Defendants also failed to timely provide Plaintiff and other aggrieved employees' records upon request.

Representative Action Complaint

EXHIBIT A

4.    In connection with Plaintiff's employment and the employment of others within the State of California, Defendants committed numerous systemic Labor Code violations for which Plaintiff now seeks to receiver civil penalties pursuant to Labor Code § 2698 *et seq.*

## JURISDICTION & VENUE

5.    Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution.

6.    Venue as to each defendant is proper in this judicial district under Code of Civil Procedure sections 395 and 395.5 because Defendants conduct business in this county, employed Plaintiff in this county, and committed some of the alleged violations in this county.

## PARTIES

**A.    The Plaintiff Dustin Evers**

7.    Plaintiff DUSTIN EVERS is an individual over 18 years of age who worked for Defendants in San Diego County as an hourly, non-exempt "Sales Associate" employee.

8.    Plaintiff was employed in California from January 2021 through October 2021.

**B.    The La-Z-Boy Defendants**

9.    Throughout the PAGA Period, each of the named La-Z-Boy defendants was a legal employer of Plaintiff and aggrieved employees, and were identified in defendants' records as employees of each of these entities.

10.    Plaintiff is informed, believes, and alleges that Defendant LA-Z-BOY INCORPORATED is a corporation incorporated in the State of Michigan, doing business and employing labor throughout California, including San Diego, California.

11.    Plaintiff is informed, believes, and alleges that Defendant LZB RETAIL, INC. is a corporation incorporated in the State of Michigan, doing business and employing labor throughout California, including San Diego, California.

12.    Plaintiff is informed, believes, and alleges that Defendant LA-Z-BOY FURNITURE GALLERIES is an employer entity and agent, doing business and employing labor throughout California, including San Diego, California.

Representative Action Complaint

13.     The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown to Plaintiff, who sues them by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed, believes, and alleges that each of the fictious defendants is responsible in some manner for the acts and omissions alleged herein.  Plaintiff will seek leave to amend this Complaint to reflect their true names and capacities when they become known.

14.     Plaintiff is informed, believes, and alleges that all defendants in this action are employers and/or joint employers and part of an integrated employer enterprise, as each defendant exercises control over the wages, hours, and working conditions of Plaintiff and the aggrieved employees, suffers and permits them to work, and engages the workforce creating a common law employment relationship.   Additionally, all defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein.  Defendants operate as employers of the employees in their operation of the La-Z-Boy Furniture Galleries and related operations.

15.     Further, Defendant La-Z-Boy Incorporated is responsible for overseeing and implementing the day-to-day payroll operations, systems, and functions for its subsidiary and affiliated entities, which include Defendant LZB Retail, Inc.  La-Z-Boy Incorporated maintains and controls the personnel, payroll, timekeeping, and wage records for employees of LZB Retail, Inc.  La-Z-Boy Incorporated also exercises control over the wages, hours, and working conditions of the aggrieved employees, including but not limited to through the implementation of unlawful policies, practices, and compensation agreements that are the subject of this action.  Finally, Plaintiff and the aggrieved employees' Employee Handbook, offer letter, and compensation agreement, among other documents, identify them as employees of La-Z-Boy Incorporated.  Plaintiff is further informed, beliefs, and alleges that Defendant La-Z-Boy Furniture Galleries are the store locations where Class Members work, subject to the control, direction, and employment of all aforementioned joint employer and/or integrated enterprise defendants.

Representative Action Complaint

EXHIBIT A

16.     Plaintiff is informed, believes, and alleges that each defendant acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant are legally attributable to all others.

17.     Plaintiff is informed, believes and alleges that the above-mentioned defendants violated and/or caused to be violated Labor Code and IWC Wage Order provisions and/or regulating minimum wages and days of work and other provisions of the Labor Code with respect to the aggrieved employees.  As a result, they may be held personally liable under Labor Code sections 558, 558.1, and 1197.1.  (*See, e.g., Atempa v. Pedrazzani* (2018) 27 Cal. App. 5th 809.)

## PAGA ALLEGATIONS

18.     Plaintiff seeks to recover civil penalties as an individual aggrieved employee, on behalf of the State of California and the "aggrieved employees," defined as follows:

        a.     All current and former hourly non-exempt employees of Defendants who work or worked within the State of California at any time from October 7, 2020, through the date of judgment (the "PAGA Period")

19.     The State of California, via the Labor and Workforce Development Agency ("LWDA"), is the real party in interest in this action with respect to the PAGA claims.  (*Kim v. Reins Int'l California, Inc.* (2020) 9 Cal. 5th 73, 81 [The "government entity on whose behalf the plaintiff files suit is always the real party in interest."])

20.     Plaintiff is an "aggrieved employee" because Plaintiff was employed by Defendants and personally experienced one or more of the alleged Labor Code violations.  Therefore, Plaintiff is properly suited to act on behalf of the State of California and collect civil penalties for violations committed against all other current and former aggrieved employees of Defendants.  (*See, e.g., Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal. App. 5th 745, 751 ["PAGA allows an "aggrieved employee"—a person affected by one Labor Code violation committed by an employer—to pursue penalties for all the Labor Code violations committed by that employer."])

21.     "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development

- 4 -

EXHIBIT A

1  Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a

2  violation of this code, may, as an alternative, be recovered through a civil action brought by an

3  aggrieved employee on behalf of himself or herself and other current or former employees pursuant

4  to the procedures specified in Section 2699.3." (Labor Code § 2699(a)).

5       22.    On **October 7, 2021**, Plaintiff gave written notice by online filing with the LWDA

6  and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have

7  been violated, including the facts and theories to support the alleged violations (the "PAGA

8  Notice"). Plaintiff paid the requisite filing fee to the LWDA. On February 10, 2022, Plaintiff filed

9  an amended PAGA Notice with the LWDA. A true and correct copy of the most recent PAGA

10  Notice is attached hereto as **Exhibit 1** and incorporated by reference.

11       23.    Within 33 calendar days of the postmark date of the notice sent by Plaintiff,

12  Defendants did not give written notice by certified mail to Plaintiff providing a description of any

13  actions taken to cure the alleged violations.

14       24.    Now that at least 65 days have passed from Plaintiff first notifying Defendants of

15  these violations, without any notice of cure from Defendants or notice from the LWDA of its intent

16  to investigate the alleged allegations and issue the appropriate citations to Defendant, Plaintiff

17  exhausted all prerequisites and commences this civil action under Labor Code § 2699.

18       25.    Any allegations regarding violations of the IWC Wage Orders are enforceable as

19  violations of Labor Code section 1198, which states: "[t]he employment of any employee for longer

20  hours than those fixed by the order or under conditions of labor prohibited by the order is

21  unlawful."

22               **GENERAL ALLEGATIONS**

23       26.    The facts and theories as set forth in the PAGA Notices (Exhibit 1) are incorporated

24  herein by reference as though fully set forth herein.

25       27.    Defendants failed to pay minimum wage to Plaintiff and aggrieved employees for

26  each hour worked (including rest periods) in violation of Labor Code § 1182.12 (state minimum

27  wage) and 1197 (local ordinances), and the IWC Wage Orders. Starting in the pay period

28  beginning on March 28, 2021, and continuing throughout the remainder of his employment,

1   Defendants paid Plaintiff $13.00 per hour worked, which was $1.00 less than the California

2   minimum wage, and less than all applicable local minimum wage ordinances in effect. On

3   information and belief, Plaintiff alleges that this practice was equally applied to other aggrieved

4   employees, who were paid less than the lawful state, local, or county minimum wage. Plaintiff and

5   the aggrieved employees were paid the sub-minimum wage base rate for *each hour worked*,

6   including during non-productive hours like 10-minute rest periods, which must be paid at a rate of

7   no less than the minimum wage. (IWC Wage Order No. 7; Cal. Code Regs., tit. 8, § 11070, subd.

8   12 (stating rest periods are treated as "hours worked"); *see Vaquero v. Stoneledge Furniture, LLC*

9   (2017) 9 Cal. App. 5th 98, 108-110 (explaining that rest periods must be compensated at a

10   minimum hourly rate); *see also Balasanyan v. Nordstrom* (S.D. Cal. 2012) 913 F. Supp. 2d 1001

11   [addressing and rejecting subminimum wage rates on sales floor where employees earn

12   commissions]).

13           28.   As one illustrative example, Plaintiff's wage statement with the pay date of

14   09/03/2021 (pay period of 08/15/2021 to 08/28/2021) reflects that Plaintiff was paid "Regular"

15   wages for 72.21 hours, at the deficient hourly rate of $13.00 per hour – an amount less than the

16   applicable state and local minimum wages. These violations are evident on the face of Defendants'

17   own payroll and employment records, including wage statements issued and required to be

18   maintained. As a result of this practice of paying less than the lawful state and/or local minimum

19   wage laws, Defendants have violated Labor Code section 1182.12 (the state minimum wage) and

20   Labor Code section 1197 (codifying local ordinances, including, without limitation, those listed on

21   https://alpha.ca.gov/find-minimum-wage-your-city/).

22           29.   Plaintiff and the aggrieved employees earned less than the statutory or local

23   minimum wage during rest periods because Plaintiff and other aggrieved employees did not earn

24   commissions during compliant 10-minute rest periods, and were thus paid for those rest periods at

25   sub-minimum wage rates (*e.g.*, $13.00 per hour in 2021), in violation of California's rest break laws

26   and minimum wage laws.

27           30.   To the extent Defendants seek or sought to credit commissions earned by Plaintiff

28   and/or aggrieved employees to make up the underpaid minimum wage amounts, this form of

1   averaging is neither lawful nor permitted, and violates California Labor Code sections 221, 222 and

2   223: "[t]he minimum wage standard affixes to each hour worked by [employees] for which they

3   were not paid." (*See Armenta v. Osmose, Inc.* (2005) 135 Cal. App. 4th 314, 324. Employees must

4   be compensated for each hour worked (including rest periods) at either the legal minimum wage or

5   the contractual hourly rate, and compliance cannot be determined by averaging hourly

6   compensation. *See Vaquero*, 9 Cal. App. 5th at 109-110.

7       31.     Furthermore, when Defendants paid overtime to Plaintiff and other aggrieved

8   employees, Defendants failed to pay the overtime at the lawful regular rate of pay. Plaintiff and

9   other aggrieved employees regularly worked overtime and earned commissions and/or other forms

10  of remuneration in the same pay period. In those pay periods, Defendants paid employees at the

11  straight time hourly rate for the overtime hours, but also made a separate payment entitled "OT –

12  Half" for each overtime hour worked. However, the "OT – Half" – when added together with the

13  base hourly rate – did not fully compensate Plaintiff and other aggrieved employees "at the rate of

14  no less than one and one-half times the regular rate of pay for an employee[,]" or "at the rate of no

15  less than twice the regular rate of pay for an employee" for any applicable double time hours, as

16  required by Labor Code section 510 and the IWC Wage Orders. Setting aside the failure to include

17  bonuses or commissions in the regular rate of pay, Defendants' overtime payment practices were

18  unlawful because Defendants, in some pay periods, paid overtime as a multiple of the sub-minimum

19  wage base hourly rate (*i.e.*, $13.00 per hour in 2021) rather than the minimum wage. This resulted

20  in a separate overtime underpayment as the base overtime rate must at a minimum be one and one-

21  half times the minimum wage, even if there are no excess earnings to include in the regular rate of

22  pay.

23      32.     Defendants failed to pay for all hours worked as a result of its practice of requiring

24  employees to work off the clock. Plaintiff and the aggrieved employees received emails, text

25  messages, and phone calls on their personal cell phones from customers and employees of

26  Defendants. Plaintiff and the aggrieved employees were required to respond to communications on

27  their personal cell phones, even during times when they were not at work and during their unpaid

28  meal periods. Employees were not paid for this time. Plaintiff and the aggrieved employees were

- 7 -

EXHIBIT A

1   required to respond to customers so that they would not end up losing a sale for Defendants.

2   Defendants knew or should have known that this work was being performed. Plaintiff was also

3   contacted while he was at home (off the clock) to remotely assist with closing the store (*i.e.*, issues

4   with cash registers) and was not paid for this time.

5       33.     Moreover, during times in which Plaintiff and aggrieved employees could not take a

6   compliant meal period, Defendants maintained a policy and practice of editing or changing time

7   records to manually enter a 30-minute meal period into the respective employee's time records,

8   even though Plaintiff and other aggrieved employees worked during these meal periods. As a result

9   of this practice, Defendants deprived Plaintiff and other aggrieved employees of 30 minutes of

10  compensation, requiring them to effectively work off the clock without pay due to the time

11  adjustments and edits. Plaintiff and aggrieved employees were deprived of the hourly overtime and

12  minimum wages, as applicable, for these hours worked during periods marked as unpaid meal

13  periods. This common practice was facilitated, at least in part, through Punch Edit Forms, that

14  Defendants state shall be retained in store for a period of 7 years.

15      34.     Furthermore, Defendants failed to consistently provide timely, off-duty 30-minute

16  meal periods to aggrieved employees within the first five hours of work, and timely second off-duty

17  30-minute meal periods to the extent they worked shifts of 10 hours or more, in violation of Labor

18  Code sections 226.7, 512 and section 11 of the applicable IWC Wage Orders. (*See, e.g., Ferra v.*

19  *Loews Hollywood Hotel, LLC* (2021) 11 Cal. 5th 858, 863 ["We hold that the terms are

20  synonymous: "regular rate of compensation" under section 226.7(c), like "regular rate of pay"

21  under section 510(a), encompasses all nondiscretionary payments, not just hourly wages."])

22      35.     When Defendants did not provide fully compliant meal periods, Defendants failed to

23  pay aggrieved employees a meal period premium at the regular rate of compensation in violation of

24  Labor Code section 226.7. (*See Ferra*, 11 Cal. 5th at 863.) "[T]ime records showing noncompliant

25  meal periods raise a rebuttable presumption of meal period violations, including at the summary

26  judgment stage." (*Donohue v. AMN Servs., LLC* (2021) 11 Cal. 5th 58, 61.) Defendants' policy

27  and practice of not paying all meal period premiums at the lawful rate is a matter of common

28  corporate policy and payroll administration such that it applies and affected all other aggrieved

- 8 -

Representative Action Complaint

EXHIBIT A

1    employees and are evident from the time records maintained by Defendants, which show late, short

2    and missed meal periods without an associated meal period premium on the corresponding

3    employee wage statement.  Indeed, Plaintiff's time records reveal numerous meal period violations

4    that are apparent from the face of the records.  As just one of many examples, on February 19,

5    2021, Plaintiff started work at 10:56 a.m. but was unable to start a 30-minute a meal period until

6    4:20 p.m., after the fifth hour of work.

7        36.    Moreover, Defendants failed to authorize or permit ten-minute rest periods for every

8    four hours of work or major faction thereof as required by Labor Code section 226.7 and 516 and

9    section 12 of the applicable IWC Wage Order.  When Defendants did not provide a fully compliant

10   rest period to Plaintiff or other aggrieved employees, Defendants failed to pay Claimant and other

11   aggrieved employees a rest period premium at the lawful "regular rate of compensation" in

12   violation of Labor Code section 226.7.  Defendants Retail Employee Policy Manual only allows

13   "[a]ssociates who work more than four hours and less than eight hours … one 10-minute paid break

14   period," even though California law requires more for those employees who work 6 hours but less

15   than 8 hours in a workday.

16       37.    Plaintiff is informed, believes, and alleges that Defendants failed to maintain lawful

17   meal and rest period policies in an employee handbook or other governing document that

18   adequately apprised Plaintiff and other aggrieved employees of their respective rights under

19   California law.  Specifically, the Retail Employee Policy Manual, revised 12/2018.  Per company

20   policy, management was required to designate meal and rest period time for associates, but

21   Defendants did not maintain a policy or practice of actually scheduling or designating those breaks.

22       38.    As discussed above in the context of minimum wage violations, Defendants

23   committed separate rest period violations by failing to pay Plaintiff and the aggrieved employees'

24   rest period at the applicable minimum wage.  Section 12 of the IWC Wage Orders states that "rest

25   period time shall be counted as hours worked." Defendants violated section 12 of the IWC Wage

26   Orders with respect to their policy and practice of paying for rest period time at a rate of less than

27   the minimum wage, (*i.e.*, $13.00 in 2021), contrary to the protections of the IWC Wage Orders and

28   Labor Code section 516 and 1198.

39.     With respect to the unpaid wages and premiums owed to Plaintiff and aggrieved employees, Defendants failed to pay those wages on time each pay period or upon separation of employment.  Because Defendants did not pay Plaintiff and the aggrieved employees for all wages/premiums owed each pay period their employment, Defendants failed to timely pay all wages owed each pay day or upon separation of employment (or within 72 hours thereof), in violation of Labor Code sections 201 through 203 (waiting time) and 204 and 204b (paydays).

40.     Additionally, Defendants failed to reimburse Plaintiff and aggrieved employees with a stipend or reasonable percentage reimbursement allowance allotted to their use of personal cell phones and data for work activities.  Defendants issued Plaintiff and other aggrieved employees La-Z-Boy business cards that contains each person's assigned La-Z-Boy email address, which were given to customers.  Plaintiff and other aggrieved employees used their personal cell phones to communicate via email and cell phone with co-workers and customers regarding sales, customer complaints, delivery scheduling and other delivery delays using work related emails, phone calls, and text messages on their personal cell phones.  However, Defendants did not reimburse employees, in violation of California Labor Code section 2802.  *See generally Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal. App. 4th 1137, 1140.

41.     Defendants equally failed in their affirmative obligation to provide accurate itemized wage statements each pay period to Plaintiff and aggrieved employees.  Defendants issued wage statements to Plaintiff and, on information and belief, other aggrieved employees, which contain at least three distinct types of violations.

42.     First, on each wage statement furnished, Defendants failed to accurately state the "gross wages earned" and "net wages earned" in violation of Labor Code § 226(a)(1) and (5), as Plaintiff and aggrieved employees earned overtime at one and one-half times their regular rate of pay, but were underpaid overtime on an hourly basis, and were deprived of all meal and rest period premiums earned, resulting in an inaccurate itemization of gross and net wages earned on those wage statements.  Gross and net wages earned remain inaccurate given the foregoing minimum wage violations as well.

43.    Second, on each wage statement furnished to Plaintiff and, on information and belief, the aggrieved employees, Defendants failed to accurately state "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" in violation of Labor Code § 226(a)(9), as the wage statements issued to Plaintiff and aggrieved employees:

    b.  Do not accurately list the applicable hourly overtime rate, but instead what appears to be a half-time calculation intended as an OT premium, but not reflective of the actual hourly overtime rate.

    c.  Inaccurately included overtime hours in the "regular" hours category, making it difficult to discern which hours are indeed non-overtime hours and which hours are in fact overtime hours (*e.g.*, in excess of 8 in a workday, 40 in a workweek, 12 in a workday, seventh consecutive day, etc.), resulting in an inaccurate statement of regular hours worked and OT hours worked on those wage statements.

    d.  Inaccurately stated the hourly rate in effect for certain regular and overtime hours, as Plaintiff and aggrieved employees *earned* overtime at the rate required by Labor Code section 510 and 1182.12 and the local minimum wage ordinances, yet were paid deflated hourly overtime rates and regular (*i.e.*, minimum) wages in those affected pay periods.

    e.  Inaccurately list the base rate due to minimum wage underpayments; and inaccurately list make-up pay in subsequent pay periods for prior pay periods' underpayment of wages.

44.    Third, Defendants inaccurately listed total hours worked during the pay period, as Plaintiff and aggrieved employees worked off-the-clock, including during times when their time records were edited to make it appear as though they took compliant meal periods, resulting in an inaccurate reflection of total hours worked on those corresponding wage statements.

45.    Defendants' wage statement issues described above rendered the wage statements inaccurate and confusing to Plaintiff and aggrieved employees, concealing the underpayments and

1  presenting a false portrayal of accuracy on the wage statements relied upon by Plaintiff and
2  aggrieved employees as the sole documentary evidence of their respective earnings.

3      46.    Plaintiff and aggrieved employees suffered injury in the form of confusion regarding
4  amounts paid for hours worked, and in the form of concealment of the common payroll practices
5  causing the violations and underpayment of wages and wage statement deficiencies as addressed in
6  this Complaint.

7      47.    Indeed, Plaintiff and, on information and belief, aggrieved employees were
8  misinformed and misled by the wage statements wages, hours, rates, and earnings.  As a result of
9  the inaccuracies on the wage statements, Plaintiff and, on information and belief, aggrieved
10  employees were led to believe that the hourly rates and net and gross wages reflected were a
11  complete and accurate reflection of the wages actually earned under California law.

12      48.    Defendants' wage statement violations were knowing and intentional as a matter of
13  law with respect to Plaintiff and aggrieved employees given that the legal obligation was not
14  disputed, the wage statement and wage laws are clear and unambiguous as written, and because
15  Defendants nevertheless failed to comply despite the means and ability to do so.

16      49.    Defendants failed to provide and pay sick leave in the manner required by statute.
17  Specifically, Defendants allowed employees to accrue paid sick leave.  However, Plaintiff and the
18  aggrieved employees did not accrue sick leave at the rate required by statute.  As one example, for
19  the pay period ending on June 5, 2021, Plaintiff worked 38.65 hours, but only accrued 1 hour of
20  paid sick leave, which is less than what is statutorily required (*i.e.*, 1 hour for every 30 hours
21  worked).  On information and belief, Plaintiff alleges that when employees used sick leave,
22  Defendants failed to pay such sick leave at the correct rate, which should have taken into account
23  the commissions, bonuses, and other remuneration paid to the aggrieved employees.  Defendants
24  instead unlawfully paid sick leave at employees' straight time hourly rate.

25      50.    Defendants also failed to timely provide Plaintiff's employment records upon
26  request.  On September 29, 2021, Plaintiff issued a request to Defendants requesting all records due
27  under the IWC Wage Orders (including the Records sections), and Labor Code sections 226, 432,
28  and 1198.5.  Despite repeated written requests to Defendants and their counsel over the course of

1   several months, Defendants failed to provide Plaintiff's records by the statutorily required

2   deadlines.   On November 16, 2021, Defendants provided Plaintiff's personnel file (after the

3   statutory deadline).   On February 18, 2022, nearly four months after the statutory deadline,

4   Defendants provided Plaintiff's wage statements.   As of the date of this Complaint, Defendants

5   have refused to provide Plaintiff's time records.   Defendants have also failed to provide

6   employment records for multiple other aggrieved employees who issued written requests to

7   Defendants for their records.

8        51.      Because of the violations set forth in this Complaint, including Defendants' failure

9   to accurately maintain records of pay for all hours worked at the appropriate lawful rates of pay

10  (*i.e.*, unrecorded off-the-clock hours), Defendants violated Labor Code section 1174 and the IWC

11  Wage Orders by failing to maintain records showing accurate daily hours worked at the

12  corresponding wage rate, and the wages paid to each employee.

13       52.      Plaintiff is informed, believes, and alleges that Defendants' acts and omissions have

14  knowingly and intentionally caused harm to Plaintiff and the aggrieved employees.   Plaintiff is

15  informed, believes, and alleges that Defendants have engaged in systemic violations of the Labor

16  Code and IWC Wage Orders by maintaining practices, policies, and customs that are inconsistent

17  with their obligations under California law.

18                              **FIRST CAUSE OF ACTION**

19                  **FAILURE TO PAY ALL REGULAR AND MINIMUM WAGES**

20                          **Labor Code §§ 1182.12, 1194, 1197**

21       53.      Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

22       54.      Labor Code section 2699(f) provides: "For all provisions of this code except those

23  for which a civil penalty is specifically provided, there is established a civil penalty for a violation

24  of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs

25  one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved

26  employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved

27  employee per pay period for each subsequent violation."

28

- 13 -
Representative Action Complaint

55.     Labor Code section 558(a) provides: "Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

56.     Labor Code section 1197.1(a) provides: "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty ... and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid ... and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed."

57.     Defendants willfully failed in their affirmative obligation to pay Plaintiff and aggrieved employees at least the lawful minimum wage for all hours worked in violation of Labor Code sections 1182.12, 1194, 1197 and 1198 and the IWC Wage Orders (the "Hours and Days of Work," "Rest Periods," and "Minimum Wages" sections of the applicable orders).

58.     As a result, Defendants violated the Labor Code and IWC Wage Orders and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code sections 558, 1197.1, and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

Representative Action Complaint

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

**Labor Code §§ 2698, *et seq.***

59.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

60.     Defendants failed in their affirmative obligation to pay Plaintiff and aggrieved employees no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek in violation of Labor Code sections 510 and 1198 and the IWC Wage Orders and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

61.     As a result, Defendants violated the Labor Code and IWC Wage Orders and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code sections 558 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

## THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

**Labor Code §§ 226.7**

62.     Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

63.     Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and aggrieved employees compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders)..

64.     Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and aggrieved employees one additional hour of pay at the respective regular rate of

EXHIBIT A

1  compensation for each workday that a fully compliant meal period was not provided, in violation of

2  Labor Code sections 226.7 and the IWC Wage Orders.

3      65.    As a result, Defendants violated the Labor Code and IWC Wage Orders and are

4  liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required

5  by Labor Code sections 558 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs

6  to the extent permitted by law, including under Labor Code section 2699(g).

7  **FOURTH CAUSE OF ACTION**

8  **REST PERIOD VIOLATIONS**

9  **Labor Code §§ 226.7 and 516**

10      66.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

11      67.    Defendants willfully failed in their affirmative obligation to consistently authorize

12  and permit Plaintiff and aggrieved employees to receive compliant, duty-free rest periods of not less

13  than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor

14  Code sections 226.7, 516, 1198 and the IWC Wage Orders (the "Rest Periods" sections of the

15  applicable orders).

16      68.    Further, Defendants willfully failed in their affirmative obligation to consistently pay

17  Plaintiff and aggrieved employees one additional hour of pay at the respective regular rate of

18  compensation for each workday that a fully compliant rest period was not provided, in violation of

19  Labor Code sections 226.7, 1198 and the IWC Wage Orders.

20      69.    Defendants also willfully failed in their affirmative obligation to pay Plaintiff and

21  the aggrieved employees for their rest periods at the minimum wage, in violation of Labor Code

22  section 1198, the IWC Wage Orders (the "Rest Periods" and "Minimum Wages" sections of the

23  applicable orders), and applicable law. *See Vaquero v. Stoneledge Furniture, LLC* (2017) 9 Cal.

24  App. 5th 98, 108-110.

25      70.    As a result, Defendants violated the Labor Code and IWC Wage Orders and are

26  liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required

27  by Labor Code sections 558 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs

28  to the extent permitted by law, including under Labor Code section 2699(g).

EXHIBIT A

EXHIBIT A

**FIFTH CAUSE OF ACTION**

**UNTIMELY PAYMENT OF WAGES**

**Labor Code §§ 204, 204b and 210**

71.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

72.    Defendants willfully failed in their affirmative obligation to timely pay all wages and premiums earned by Plaintiff and aggrieved employees twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for any weekly employees, as applicable, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

73.    As a result, Defendants violated the Labor Code and IWC Wage Orders and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code sections 558 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

**SIXTH CAUSE OF ACTION**

**WAGE STATEMENT VIOLATIONS**

**Labor Code § 226 and 226.3**

74.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

75.    Labor Code section 226.3 provides: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

76.    Defendants failed in their affirmative obligation provide accurate itemized wage statements to Plaintiff and aggrieved employees in violation of Labor Code section 226(a) because Plaintiff and aggrieved employees were not paid for all hours worked at the proper wage rates and

EXHIBIT A

1  the wage statements reflected inaccurate totals, including gross and net wages earned, total hours

2  worked, applicable rates in effect and corresponding number of hours worked.

3      77.    As a result, Defendants violated the Labor Code and IWC Wage Orders and are

4  liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required

5  by Labor Code sections 226.3 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and

6  costs to the extent permitted by law, including under Labor Code section 2699(g).

7  **SEVENTH CAUSE OF ACTION**

8  **FAILURE TO TIMELY PAY ALL WAGES**

9  **UPON SEPARATION OF EMPLOYMENT**

10  **Violation of Labor Code §§ 201 through 203**

11      78.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

12      79.    Defendants willfully failed in their affirmative obligation to pay all wages earned

13  and unpaid to Plaintiff and aggrieved employees immediately upon termination of employment or

14  within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or

15  her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of

16  Labor Code sections 201 through 203 and the IWC Wage Orders.

17      80.    As a result, Defendants violated the Labor Code and IWC Wage Orders and are

18  liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required

19  by Labor Code sections 558 and 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs

20  to the extent permitted by law, including under Labor Code section 2699(g).

21  **EIGHTH CAUSE OF ACTION**

22  **FAILURE TO REIMBURSE BUSINESS EXPENSES**

23  **Violation of Labor Code § 2802**

24      81.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

25      82.    Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and

26  aggrieved employees for all necessary expenditures, losses, expenses and costs incurred by them in

27  direct discharge of the duties of their employment, in violation of Labor Code section 2802.

28

Representative Action Complaint

83.    As a result, Defendants violated the Labor Code and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code section 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

### NINTH CAUSE OF ACTION

### PAID SICK LEAVE VIOLATIONS

**Violation of Labor Code Labor Code §§ 246 *et seq.***

84.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

85.    Defendants knowingly and intentionally failed in their affirmative obligation provide and pay paid sick leave to Plaintiff and the aggrieved employees in violation of Labor Code section 246.

86.    Labor Code section 246(b)(1) requires that employees accrue sick leave at the commencement of employment at a rate of 1 hour for every thirty hours worked.  Section 246(c) entitles employees to use any accrued sick leave beginning on their 90th day of employment.

87.    Labor Code section 246(l) governs how Defendants were required to calculate paid sick leave:

88.    [A]n employer shall calculate paid sick leave using any of the following calculations:

> (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

> (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

1         (3) Paid sick time for exempt employees shall be calculated in the

2         same manner as the employer calculates wages for other forms of paid

3         leave time.

4       89.    Defendants failed to pay Plaintiff and aggrieved employees paid sick leave at one of

5 the lawful rates set forth in the statute because Defendants failed to include in their calculation the

6 additional remuneration received by Plaintiff and the aggrieved employees, including but not

7 limited to, bonuses and commissions. Defendants also failed to provide sick leave to employees at

8 the accrual rate required by statute (*i.e.*, 1 hour for every 30 hours worked).

9       90.    As a result, Defendants violated the Labor Code and are liable to Plaintiff, the

10 aggrieved employees and the State of California for civil penalties as required by Labor Code

11 section 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted

12 by law, including under Labor Code section 2699(g). Plaintiff may also be entitled to penalties

13 under Labor Code section 248.5.

**TENTH CAUSE OF ACTION**

**RECORDKEEPING VIOLATIONS**

**Labor Code § 1174**

17       91.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

18       92.    Labor Code section 1174 provides: "Every person employing labor in this state shall:

19 …(d) Keep, at a central location in the state or at the plants or establishments at which employees

20 are employed, payroll records showing the hours worked daily by and the wages paid to, and the

21 number of piece-rate units earned by and any applicable piece rate paid to, employees employed at

22 the respective plants or establishments. These records shall be kept in accordance with rules

23 established for this purpose by the commission, but in any case shall be kept on file for not less than

24 three years."

25       93.    Labor Code section 1174.5 provides: "Any person employing labor who willfully

26 fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete

27 records required by subdivision (d) of Section 1174 …, shall be subject to a civil penalty of five

28 hundred dollars ($500)."

1    94.    Defendants willfully failed in their affirmative obligation to maintain accurate

2   records showing the hours worked daily and wages paid to the aggrieved employees, in violation of

3   Labor Code sections 1174, 1198 and the IWC Wage Orders (the "Records" sections of the

4   applicable orders).

5    95.    As a result, Defendants violated the Labor Code and are liable to Plaintiff, the

6   aggrieved employees and the State of California for civil penalties as required by Labor Code

7   section 1174.5, in addition to interest, attorneys' fees, and costs to the extent permitted by law,

8   including under Labor Code section 2699(g).

9                          **ELEVENTH CAUSE OF ACTION**

10                        **FAILURE TO PRODUCE RECORDS**

11                    **Violation of Labor Code §§ 226, 432, 1198.5**

12    96.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

13    97.    Labor Code section 432 states that [i]f an employee. . . signs any instrument relating

14   to the obtaining or holding of employment, he shall be given a copy of the instrument upon

15   request."

16    98.    Labor Code section 226(b) grants employees the right to inspect or receive "a copy

17   of records pertaining to their employment."  Labor Code section 226(f) authorizes a penalty of $750

18   for an employer's failure to comply with a request for records made under section 226.

19    99.    Labor Code section 1198.5 requires employers to provide an employee's "personnel

20   records" within 30 days of receipt of the request.  Section 1198.5(k) authorizes a penalty of $750

21   for an employer's failure to provide a copy of or permit inspection of personnel records.  Section

22   1198.5(l) allows an employee to seek injunctive relief to obtain an employer's compliance with this

23   section and authorizes the recovery of attorneys' fees and costs.

24    100.    Section 7 of the IWC Wage Orders, which may be enforced through Labor Code

25   section 1198, requires that employers maintain records of when an employee begins and ends each

26   work period and when the employee takes meal periods.  Section 7(C) states that "[a]n employee's

27   records shall be made available for inspection by the employee upon reasonable request."

28

- 21 -

101.    Plaintiff issued a records request to Defendants requesting all records due under the IWC Wage Orders (including the Records sections) and Labor Code sections 226, 432, and 1198.5. Defendants willfully refused to timely provide Plaintiff with his records and eventually provided some records well after the statutory deadlines.    To date, Defendants have refused to provide Plaintiff's time records despite repeated requests to Defendants and their counsel over the course of nearly five months.    Defendants have also refused to provide records for multiple other aggrieved employees who issued written requests to Defendants for their records.

102.    As a result, Defendants violated the Labor Code and are liable to Plaintiff, the aggrieved employees and the State of California for civil penalties as required by Labor Code section 2699(a) and (f)(2), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2699(g).

**PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

a.    For an award of all civil penalties under the Labor Code section 2698 *et seq.*;

b.    For an award of reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including under Labor Code section 2699(g);

c.    For any recoverable pre- and post-judgment interest; and

d.    For such other relief the Court deems just and proper.

Respectfully submitted,

Dated: February 28, 2022                    Ferraro Vega Employment Lawyers, Inc.

*Nicholas J. Ferraro*
Nicholas J. Ferraro
Attorney for Plaintiff Dustin Evers

- 22 -

Representative Action Complaint                    P. 23

EXHIBIT A

EXHIBIT A

# EXHIBIT 1

EXHIBIT A

# FERRARO VEGA
### SAN DIEGO EMPLOYMENT LAWYERS

Nicholas J. Ferraro
nick@ferrarovega.com

October 7, 2021

## NOTICE OF LABOR CODE VIOLATIONS
## CALIFORNIA LABOR CODE SECTIONS 2698 *et seq.*

### PAGA NOTICE/FEE VIA ONLINE FILING

California Labor and Workforce Development Agency

### PAGA NOTICE VIA EMAIL & CERTIFIED U.S. MAIL

**LZB Retail, Inc. /**
**La-Z Boy Furniture Galleries**
One La-Z-Boy Drive
Monroe, MI 48162

**La-Z-Boy Incorporated /**
**La-Z Boy Furniture Galleries**
One La-Z-Boy Drive
Monroe, MI 48162

Dear Labor Enforcement Officer and Company Representatives:

This letter serves as written notice on behalf of DUSTIN EVERS ("Claimant") under California Labor Code section 2699.3. Claimant sets forth notice of prior and ongoing violations of the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders committed by LA-Z-BOY, INCORPORATED, LZB RETAIL, INC., LA-Z BOY FURNITURE GALLERIES, and all related employer entities ("Defendants").

If the California Labor and Workforce Development Agency ("LWDA") does not investigate the facts, allegations and violations set forth in this notice within the statutorily prescribed period under Labor Code section 2699.3, Claimant intends to seek and recover civil penalties on behalf of Claimant, the State of California, and all other aggrieved employees of Defendants under Labor Code section 2698, *et seq.* based on all Labor Code violations committed by Defendants. *See e.g., Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

### FACTUAL STATEMENT

Defendants are an American furniture manufacturer and retailer with stores throughout the California and the United States. Claimant was employed by Defendants as a Sales Associate in La Mesa, CA and Mira Mesa, CA from January 14, 2021 through October 2021. In his offer

letter, Claimant was informed that for the first 90 days of his employment, he would be paid $17.50 per hour. After 90 days, as described in Claimant's offer letter, he was paid $13.00 per hour in addition to bi-weekly commissions based on product sales.

Through this notice, Claimant informs the LWDA of the Labor Code violations set forth herein. The aggrieved employees who Claimant seeks to represent include the following individuals:

> All current and former non-exempt employees who worked for Defendants in the State of California during one-year period preceding the date of this notice through the current date and the date of final judgment in any pending action (the "aggrieved employees" and the "PAGA Period").

Claimant seeks all recoverable civil penalties for Defendants' violations and reserve the right to supplement this notice as further investigation is completed and further facts, witnesses, and violations are uncovered which will relate back to the core nucleus of allegations set forth herein.

**Violation of Labor Code §§ 201-204, 221, 222, 223, 510, 558, 1182.12, 1194, 1197.1, 1198; IWC Wage Orders – Overtime and Minimum Wage Violations**

Defendants failed to pay for all hours worked and failed to pay overtime based on the lawful regular rate of pay, in violation of Labor Code sections 201-204, 510, 558, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the related sections of the applicable IWC Wage Orders, including sections 3 and 4 and the standing Minimum Wage Order. Claimant and the aggrieved employees were not paid at least minimum wage *for all hours* (or each hour) worked. Claimant and the aggrieved employees were not paid at their lawful overtime rate (i.e., time and a half or double time based on their regular rate of pay) for all overtime hours worked in excess of 8 hours in a workday, 40 hours in a workweek, or for any hours on any seventh consecutive day of work, to the extent Claimant or other aggrieved worked on a seventh consecutive workday or other such hours as further investigation may reveal.

Labor Code section 510 requires "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee;" and "any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee;" and "any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

First, Defendants failed to pay minimum wage to Claimant and the aggrieved employees. For example, Claimant was paid $13.00 per hour worked, which is $1.00 less than the California minimum wage. Defendants also underpaid overtime to those Claimant and the aggrieved

employees who were paid less than the minimum wage because they should have been paid at least 1.5 times the minimum wage for each overtime hour worked.

In these pay periods, Defendants have violated Labor Code sections 221, 222, and 223, which articulate the principal that all hours must be paid at the statutory rate or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation. *Armenta v. Osmose, Inc.* (2005) 135 Cal. App. 4th 314, 467-68.

Section 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Section 222 provides: "It shall be unlawful, in case of any wage agreement arrived at through collective bargaining, either willfully or unlawfully or with intent to defraud an employee, a competitor, or any other person, to withhold from said employee any part of the wage agreed upon." Section 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

By adopting the averaging method, Defendants contravenes these code sections and effectively reduced the hourly rate. Federal law provides no analogous provisions to sections 221-223, and California law differs on this point from the FLSA. As in *Armenta* and the cases that follow, the Defendants here adopted an averaging method that contravenes the above-mentioned code sections by using the wage payments of Claimant and other aggrieved employees as a credit for minimum wage obligations, which is prohibited by California law:

> We conclude, therefore, that the FLSA model of averaging all hours worked "in any work week" to compute an employer's minimum wage obligation under California law is inappropriate. The minimum wage standard affixes to each hour worked by respondents for which they were not paid.

*Armenta v. Osmose, Inc.* (2005) 135 Cal. App. 4th 314, 468. For these violations, Defendants are liable for all civil penalties recoverable under Labor Code section 225.5.

Furthermore, for all pay periods where Defendants failed to pay the applicable state, local, county, or city minimum wage, with respect to those aggrieved employees who earned less than the California or applicable local minimum wage ordinance, Defendants have violated Labor Code section 1197, which specifically prohibits failure to pay minimum wages fixed by any state or local law, and section 1182.12, which states the state minimum wage.

**Second**, when Claimant and the aggrieved employees worked overtime, Defendants failed to pay the overtime at the regular rate of pay. Defendants paid employees commissions and other remuneration that they failed to properly include in the regular rate of pay when employees earned overtime. When employees worked overtime and earned commission in the same pay period, Defendants paid employees at the straight time hourly rate for overtime, and also made a separate payment called "OT- Half" for each overtime hour. However, the

OT Half payments did not sufficiently compensate and the employees were underpaid accordingly. This is because, despite Labor Code section 510's mandate that all overtime hours be compensated "at the rate of no less than *one and one-half times the regular rate of pay* for an employee" and "*twice* the regular rate of pay" for double time hours, Defendants paid aggrieved employees the base rate, plus 50 percent of the "regular rate" of pay, which may be acceptable under the FLSA, but is in direct contradiction with the plain language of Labor Code section 510(a) and the IWC Wage Orders.

**Third**, Defendants failed to pay for all hours worked as a result of its practice of requiring employees to work off the clock. Claimant and the aggrieved employees received emails, text messages, and phone calls on their personal cell phones from customers and employees of Defendants. Claimant and the aggrieved employees were required to respond to communications on their personal cell phones, even during times when they were not at work. Employees were not paid for this time. Claimant and the aggrieved employees were required to respond to customers so that they would not end up losing a sale for Defendants. Defendants knew or should have known that this work was being performed. Claimant was also contacted while he was at home (off the clock) to remotely assist with closing the store (i.e., issues with cash registers) and was not paid for this time. Further, during times when Claimant did not take a meal period, Defendants nonetheless manually entered a 30-minute meal period into Claimant's time records, thereby depriving him of 30 minutes of wages each time. Claimant is informed and believes that this practice happened to other aggrieved employees as well.

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code §§ 225.5, 558 ($50/$100), 1197.1 ($100/$250) and 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code §§ 226.7, 512, § 11 of the IWC Wage Orders – Meal Period Violations**

Defendants violated Labor Code sections 226.7 and 512 and section 11 of the IWC Wage Orders, with respect to aggrieved employees by failing to pay meal period premiums based on the "regular rate of compensation." Defendants failed to consistently provide timely, off-duty 30-minute meal periods to aggrieved employees within the first five hours of work, and timely second off-duty 30-minute meal periods to the extent they worked shifts of 10 hours or more, in violation of Labor Code sections 226.7, 512 and section 11 of the applicable IWC Wage Orders. *See, e.g., Ferra v. Loews Hollywood Hotel, LLC* (Cal. Sup. Ct., July 15, 2021) ___ Cal. 5th ___ ("We hold that the terms are synonymous: "regular rate of compensation" under section 226.7(c), like "regular rate of pay" under section 510(a), encompasses all nondiscretionary payments, not just hourly wages.")

Claimant and the aggrieved employees were not provided with 30-minute uninterrupted meal periods by the fifth hour of work. Specifically, Defendants' stores were understaffed such that

Claimant and the aggrieved employees were unable to take full 30-minute meal periods because employees needed to be on the sales floor and available to assist customers to ensure no sales were lost. When Defendants did not provide compliant meal periods, including times when meal periods were entered into employees' time records when no meal period was actually taken, Defendants failed to pay Claimant and other aggrieved employees a meal period premium in violation of Labor Code section 226.7. To the extent Defendants paid meal period premiums, the premiums were not paid at the "regular rate of compensation" because they did not include commissions and other forms of remuneration.

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code §§ 226.7, 516, § 12 of the IWC Wage Orders – Rest Period Violations**

Defendants violated Labor Code sections 226.7, 516 and section 12 of the applicable IWC Wage Orders with respect to Claimant and other aggrieved employees by failing to provide lawful rest periods or rest period premiums at the "regular rate of compensation" in lieu of such compliant rest periods.

Defendants failed to authorize or permit ten-minute rest periods for every four hours of work or major faction thereof as required by Labor Code section 226.7 and 516 and section 12 of the applicable IWC Wage Order. Similar to employees' meal period issues, Claimant and the aggrieved employees were not provided with the opportunity to take two ten-minute rest periods during an 8 hour shift due to staffing issues. Further, Defendants' Employee Handbook explicitly informs aggrieved employees that if they work four hours but less than eight, they are only entitled to ***only one 10-minute rest period:*** "Associates who work more than four hours and less than eight hours will receive one 10-minute paid break period." Handbook, p. 13 . Under Defendants' policy, aggrieved employees who work shifts of greater than six hours but less than eight are not provided with the second rest period which they are entitled.

When Defendants did not provide a fully compliant rest period to Claimant or other aggrieved employees, Defendants also failed to pay Claimant and other aggrieved employees a rest period premium at the lawful "regular rate of compensation" in violation of Labor Code section 226.7 that included all forms of remuneration in the regular rate. *Ferra v. Loews Hollywood Hotel, LLC* (Cal. Sup. Ct., July 15, 2021) ___ Cal. 5th ___ ("We hold that the terms are synonymous: "regular rate of compensation" under section 226.7(c), like "regular rate of pay" under section 510(a), encompasses all nondiscretionary payments, not just hourly wages.")

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code § 2802 – Failure to Reimburse Necessary Expenses**

Defendants failed in their affirmative legal obligation to reimburse Claimant and other aggrieved employees for all necessary work-related costs and expenses as a matter of policy and practice in violation of Labor Code section 2802, which states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Defendants required Claimant and the aggrieved employees to use their personal devices (and data/internet) for work-related purposes without reimbursement. Specifically, Claimant and the aggrieved employees were required to use their personal cell phones to communicate with co-workers and customers regarding sales, customer complaints, delivery scheduling, and issues with delivery delays. Claimant and the aggrieved employees also had work email accounts on their personal devices. Claimant was required to respond to work-related emails from his personal devices and is informed and believes that other aggrieved employees experienced the same issue. In direct consequence of their job duties, Claimant and the aggrieved employees unavoidably and necessarily incurred losses, expenditures, costs and expenses that Defendants did not reimburse as a matter of policy and practice. At all relevant times, Defendants were required to comply with the reimbursement mandate of Labor Code section 2802.

It is a matter of undisputed law that California employers must reimburse actual costs incurred and a reasonable percentage of reoccurring costs that are necessarily incurred by an employee at work. *See generally Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal. App. 4th 1137, 1140. Defendants were fully aware of the nature of necessary costs being incurred by Claimant and the aggrieved employees. To the extent Defendants argue that the expenses were reimbursable only upon request and preapproval, Labor Code section 2802's mandate is absolute: the element of constructive knowledge "does not appear in the statute" and written policies or handbooks do not "affect the significance of a failure to comply with that statutory duty … the rights afforded by section[] 2802 may not be subject to negotiation or waiver." *Espinoza v. West Coast Tomato Growers, LLC* (S.D. Cal. 2016) Case No. 14-CF-2984 at n.2; *Park v. Joong-Ang Daily News Cal., Inc.* (2nd App. Dist., Div. 7, 2017) No. B268678 n.7 (unpublished, citing published authority). Labor Code section 2804 further affirms that "[a]ny contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State." In other words, if—as here—employees incur "necessary expenses" or "losses" for the benefit

of their employer, then the employees are unconditionally entitled to receive reimbursement for those expenses.

Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recover by Claimant, the aggrieved employees and the State of California in a civil action for all civil penalties recoverable for violations of Labor Code section 2802, including those set forth in Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with the recovery of attorney's fees and costs of suit.

## Violation of Labor Code § 246 through 248.5 – Failure to Provide Paid Sick Leave

Defendants violated Labor Code section 246 because they failed to provide Claimant and the aggrieved employees with paid sick leave in the amounts and based on the accruals required by law. California employers are required to provide paid sick leave to all employees. Employers have the option of providing 24 hours of paid sick leave to employees or to allow employees to accrue paid sick leave each pay period. Cal. Lab. Code § 246. If an employer chooses the accrual method, employees must accrue sick leave at a rate of one (1) hour for every thirty (30) hours worked in a given pay period. Cal. Lab. Code § 246(b)(1). Under the accrual method, employees must begin accruing paid sick leave at the commencement of employment. Cal. Lab. Code § 246(b)(1).

Defendants were required to pay for sick leave in accordance with one of the permissible methods provided in Labor Code § 246(l)(1)-(3):

> (l) For the purposes of this section, an employer shall calculate paid sick leave using any of the following calculations:
>
> > (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.
>
> > (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.
>
> > (3) Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

Defendants failed to provide and pay sick leave in the manner required by statute. Specifically, Defendants allowed employees to accrue paid sick leave. However, Claimant and the

aggrieved employees did not accrue sick leave at the rate required by statute. Defendants also failed to pay sick leave using method one or two described above because when they paid sick leave to aggrieved employees, they failed to factor in commissions and other forms of remuneration.

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code § 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law. Claimant is also entitled to penalties under Labor Code section 248.5.

## Violation of Labor Code §§ 204 and 204b – Failure to Timely Pay Wages Owed Each Payday

Defendants violated Labor Code sections 204 and 204b requiring payment of all wages on regularly scheduled paydays with respect to Claimant and other aggrieved employees by failing to pay all overtime wages owed on time each pay period. To the extent that Defendants made or makes any retroactive payments to Claimant or other aggrieved employees, such amounts are untimely in violation of these payday statutes.

Because Defendants failed to pay all wages in each pay period in which such wages were earned at the lawful rate, Defendants violated Labor Code section 204 and/or 204b (for weekly employees), which requires timely payment of wages of wages each regular scheduled pay period. Labor Code section 204 requires payment of "all wages" for non-exempt employees at least twice each calendar month. Labor Code section 204b applies to employees paid on a weekly basis and also requires the payment for all labor within the required pay periods.

As explained above, Defendants required Claimant and the aggrieved employees to work off the clock, failed to pay the minimum wage, and failed to include commissions and other remuneration in the regular rate of pay, resulting in a loss of minimum, regular, and overtime wages. Defendants are separately liable for not paying the full amount owed to Claimant and other aggrieved employees each payday in violation of Labor Code sections 204 and/or 204b.

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, Labor Code section 210 ($100/$200) per violation per pay period, along with all other civil penalties permitted by law.

## Violation of Labor Code §§ 201 through 203 – Failure to Pay Amounts Due Upon Separation

Defendants violated Labor Code sections 201, 202 and 203 requiring timely payment of all wages upon separation and waiting time penalties in lieu thereof with respect to Claimant and other aggrieved employees by failing to pay all wages and premiums owed upon termination of employment. This is because Defendants failed to pay for all hours worked by Claimant

and other aggrieved employees during the PAGA Period and therefore left them with underpaid wages upon separation of employment, resulting in waiting time penalties and the associated PAGA penalties addressed herein.

Because Defendants failed to pay for all hours worked by Claimant and other aggrieved employees during their employment, failed to pay the minimum wage, and failed to properly pay overtime, Defendants failed to timely pay all wages owed upon separation of employment in violation of Labor Code sections 201, 202 and 203. Labor Code section 201 requires that if an employer fires an employee, the wages must be paid immediately. Labor Code section 202 requires that if an employee quits without providing 72 hours' notice, his or her wages must be paid no later than 72 hours thereafter. Labor Code section 202 states that if an employee provides 72 hours' notice, the final wages are payable upon his or her final day of employment. Labor Code section 203 requires an employer who fails to comply with Labor Code sections 201 or 202 to pay a waiting time penalty for each employee, up to a period of 30 days.

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code § 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Wage Statements**

Defendants violated Labor Code section 226 requiring accurate, itemized wage statements with respect to Claimant and other aggrieved employees by failing to meet the requirements of the statute. Labor Code section 226(a) requires an employer to furnish wage statements to employees semimonthly or at the time of each payment of wages, "an accurate itemized statement in writing showing:" (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units earned and applicable piece rate in effect, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the pay period, (7) the name of the employee and last four digits of SSN or an EIN, (8) the name and address of the legal name of the employer, and (9) all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate by the employee. [1]

Defendants violated Labor Code section 226 because Defendants failed to pay employees the lawful minimum wage, for all hours worked, and at the regular rate of pay for overtime. As a result, the wage statements incorrectly list the gross wages, net wages, total hours worked, and

---

[1] *See generally Lopez v. Friant & Associates, LLC* (2017) 15 Cal. App. 5th 773, 787-88 ("Consistent with the PAGA statutory framework and the plain language of section 226(e), we hold a plaintiff seeking civil penalties under PAGA for a violation of section 226(a) does not have to satisfy the "injury" and "knowing and intentional" requirements of section 226(e)(1)"); *See also See Kastler v. Oh My Green, Inc.* (N.D. Cal., Oct. 25, 2019) Case No. 19-CV-02411-HSG ("Injuries from a failure to provide an accurate pay statement include 'possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked") (rejecting *Maldonado* defense for class claims).

all applicable hourly rates (and corresponding wages earned at those rates). Further, when employees worked overtime, Defendants' wage statements are inaccurate because the overtime hours are included in the "Regular" hours category, making it difficult to determine how employees are being paid.

For each aggrieved employee who was terminated or separated from employment during the PAGA Period, Claimant allege on information and belief that Defendants failed to provide a final wage statement showing the wages owed and the information required by Labor Code section 226(a). As a result, Defendants committed an additional violation of Labor Code section 226 with respect to every employee who separated from employment during the PAGA Period. Additionally, on information and belief, Claimant alleges that Defendants further failed to pay all floating holidays, vacation time, and other earned or accrued paid time off upon separation of employment in violation of Labor Code section 203 and section 227.3.

As a result, Claimant and other aggrieved employees cannot promptly and easily determine from the wage statement alone the wages paid or earned without reference to other documents or information. These wage statement violations are significant because they sowed confusion among Claimant and other aggrieved employees with respect to what amounts were owed and paid, at what rates, and how those amounts were calculated.

Thus, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code sections 226.3 ($250/$1,000) and/or 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code § 1174 – Failure to Maintain Accurate Payroll Records.**

Because of the violations set forth in this notice, including Defendants' failure to accurately maintain records of pay for all hours worked at the appropriate lawful rates of pay, Defendants violated Labor Code section 1174 and the IWC Wage Orders by failing to maintain accurate payroll records showing daily hours worked, all hourly rates in effect and hours worked at those rates, and the wages paid to each employee. As a result, Defendants are liable for a civil penalty of $500 per employee to Claimant and each aggrieved employee pursuant to Labor Code section 1174.5. As mentioned, Defendants also violated Labor Code section 1776 with respect to the prevailing age recordkeeping.

**Attorneys' Fees and Costs**

Claimant was compelled to retain the services of counsel to file this court action to protect his interests and the interests of other aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Claimant has thereby incurred attorneys' fees and costs, which he is entitled to receive on all causes of action under Labor Code section 2699(g).

**Notice of Demand for Defendants to Change Policy and Practice**

Claimant intends to pursue legal action against Defendants based on the violations set forth in this notice. Defendants are hereby notified that any attempt to resolve this case must be conducted in coordination with Claimant's counsel to protect the interests of Claimant, the aggrieved employees, and the State of California via the LWDA, and that any and all settlements releasing liability require Court approval in connection with Claimant and their counsel. Claimant will establish that (1) their lawsuit was a catalyst in motivating Defendants to change their policies and practices and provide the relief sought through this action, (2) that the forthcoming lawsuit has merit and is based on undisputed violations for which Defendants will be liable at trial, and (3) that Claimant has hereby notified Defendants of their violations and considers this notice an attempt to resolve the matter. *See Tipton-Whittingham v. City of Los Angeles* (2004) 34 Cal.4th 604, 608 (citing *Graham v. Diamler-Chrysler Corp.* (2004) 34 Cal. 4th 553) (authorizing an award of catalyst attorneys' fees against Defendants).

As the PAGA representative, Claimant has a duty to file this case at the earliest opportunity and will do so in San Diego County Superior Court. Defendants may contact Claimant's counsel with any questions regarding this letter or the forthcoming lawsuit.

## **CONCLUSION**

Claimant requests the LWDA initiate enforcement for the violations described in this letter. If the LWDA does not pursue enforcement, Claimant will pursue representative claims on behalf of the State of California and the aggrieved employees and will seek all remedies available for violations of the Labor Code and the IWC Wage Orders, including attorneys' fees, costs, interest, and all available penalties set forth in Labor Code section 2699 and all other applicable sections of the Labor Code.

Thank you for your attention to this matter.

Sincerely,

*Nicholas J. Ferraro*

Nicholas J. Ferraro, Esq.


Cc    Lauren N. Vega, Esq.
       Claimant Dustin Evers

       Jim Byrd, Regional Human Resources Manager
       Jim.byrd@la-z-boy.com

EXHIBIT A

# FERRARO VEGA
## SAN DIEGO EMPLOYMENT LAWYERS

Nicholas J. Ferraro
nick@ferrarovega.com
Lauren N. Vega
lauren@ferrarovega.com

**ATTORNEYS AT LAW**
3160 Camino del Rio South, Suite 308
San Diego, California 92108

Telephone: 619-693-7727
Facsimile: 619-350-6855
www.ferrarovega.com

February 10, 2022

### NOTICE OF LABOR CODE VIOLATIONS
### CALIFORNIA LABOR CODE SECTIONS 2698 *et seq.*

### PAGA NOTICE/FEE VIA ONLINE FILING

California Labor and Workforce Development Agency

### *AMENDED* PAGA NOTICE VIA EMAIL & CERTIFIED U.S. MAIL

**LZB Retail, Inc. /**
**La-Z Boy Furniture Galleries**
One La-Z-Boy Drive
Monroe, MI 48162

**La-Z-Boy Incorporated /**
**La-Z Boy Furniture Galleries**
One La-Z-Boy Drive
Monroe, MI 48162

Dear Labor Enforcement Officer and Company Representatives:

This letter, as amended, serves as written notice on behalf of DUSTIN EVERS ("Claimant") under California Labor Code section 2699.3. Claimant sets forth notice of prior and ongoing violations of the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders committed by LA-Z-BOY, INCORPORATED, LZB RETAIL, INC., LA-Z BOY FURNITURE GALLERIES, and all related employer entities ("Defendants").

Claimant's notice is amended to include additional facts and allegations that have been identified through subsequent investigation, along with additional claims that have developed since the filing of the original notice.

If the California Labor and Workforce Development Agency ("LWDA") does not investigate the facts, allegations and violations set forth in this notice within the statutorily prescribed period under Labor Code section 2699.3, Claimant intends to seek and recover civil penalties on behalf of Claimant, the State of California, and all other aggrieved employees of Defendants under Labor Code section 2698, *et seq.* based on all Labor Code violations committed by Defendants. *See e.g., Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

## FACTUAL STATEMENT

Defendants are an American furniture manufacturer and retailer with stores throughout the California and the United States. Claimant was employed by Defendants as a Sales Associate in La Mesa, CA and Mira Mesa, CA from January 14, 2021 through October 2021. In his offer letter, Claimant was informed that for the first 90 days of his employment, he would be paid $17.50 per hour. After 90 days, as described in Claimant's offer letter, he was paid $13.00 per hour in addition to bi-weekly commissions based on product sales.

Through this notice, Claimant informs the LWDA of the Labor Code violations set forth herein. The aggrieved employees who Claimant seeks to represent include the following individuals:

> All current and former non-exempt employees who worked for Defendants in the State of California during one-year period preceding the date of this notice through the current date and the date of final judgment in any pending action (the "aggrieved employees" and the "PAGA Period").

Claimant seeks all recoverable civil penalties for Defendants' violations and reserve the right to supplement this notice as further investigation is completed and further facts, witnesses, and violations are uncovered which will relate back to the core nucleus of allegations set forth herein.

### Failure to Provide Records in Response to Statutory Records Requests/Inspection
### Violation of Labor Code §§ 226, 432, 1198.5; IWC Wage Orders

Claimant issued a records request to Defendants requesting all records due under the IWC Wage Orders (including the Records sections), and Labor Code sections 226, 1198.5, 432. In response to Claimant's records request to Defendants, Defendants refused altogether to provide Claimant's wage statements and time records, failed to provide all records in Claimant's personnel file, including Claimant's Labor Code section 2810.5 notice, and failed to timely provide Claimant's personnel file.

Claimant issued a statutory records request under the above-mentioned statutes on Sept. 29, 2021. The records were due on Oct. 20, 2021 and Oct. 29, 2021, respectively. La-Z-Boy's lawyers asked for an extension of time after the payroll records were due but before the personnel files were due on Oct. 29, 2021. Claimant's counsel denied the extension, but informed them that it would be acceptable if all records were provided by the later date, Oct. 29, 2021. La-Z-Boy provided some personnel files in mid-November, after Claimant, through counsel, requested to inspect the records at the worksite in an email sent on Nov. 9, 2021.

La-Z-Boy did not provide the records by these statutory deadlines and has refused to provide time records and paystubs, among other information.  Defendants have thus violated Labor Code sections 226, 1198.5, and 432, along with the IWC Wage Orders, which may be enforced via Labor Code section 1198, as the Wage Orders further provide Claimant access and inspection rights to employment records, which were denied.  Claimant alleges that this practice of non-compliance with employee records request may extend to other aggrieved employees as well.

As a result, Claimant is an aggrieved employee who seeks civil penalties on behalf of himself and others for these and other Labor Code violations.  He was personally aggrieved by this violation.  Claimant may recover civil penalties on behalf of himself the State of California and the aggrieved employees as provided for the foregoing violations, and under Labor Code and 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code §§ 201-204, 221, 222, 223, 510, 558, 1182.12, 1194, 1197.1, 1198; IWC Wage Orders – Overtime and Minimum Wage Violations**

Defendants failed to pay for all hours worked and failed to pay overtime based on the lawful regular rate of pay, in violation of Labor Code sections 201-204, 510, 558, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the related sections of the applicable IWC Wage Orders, including sections 3 and 4 and the standing Minimum Wage Order.  Claimant and the aggrieved employees were not paid at least minimum wage *for all hours* (or each hour) worked.  Claimant and the aggrieved employees were not paid at their lawful overtime rate (i.e., time and a half or double time based on their regular rate of pay) for all overtime hours worked in excess of 8 hours in a workday, 40 hours in a workweek, or for any hours on any seventh consecutive day of work, to the extent Claimant or other aggrieved worked on a seventh consecutive workday or other such hours as further investigation may reveal.

Labor Code section 510 requires "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee;" and "any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee;" and "any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

**First**, Defendants failed to pay minimum wage to Claimant and the aggrieved employees. For example, Claimant was paid $13.00 per hour worked, which is $1.00 less than the California minimum wage. To clarify, Claimant was paid this sub-minimum base wage for *each hour worked* including during nonproductive hours like 10-minute rest periods, which must be paid at a rate no less than the minimum wage. *See Vaquero v. Stoneledge Furntiture, LLC* (2017) 9 Cal. App. 5th 98. According to *Vaquero*:

> The plain language of Wage Order No. 7 requires employers to count "rest period time" as "hours worked *for which there shall be no deduction from wages.*" (Cal. Code Regs., tit. 8, § 11070, subd. 12(A), italics added.) In *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864 [157 Cal.Rptr.3d 212] (*Bluford*) the court interpreted this language to require employers to "separately compensate[]" employees for rest periods where the employer uses an "activity-based compensation system" that does not directly compensate for rest periods. (*Id.* at p. 872.)

Section 12 of the IWC Wage Orders states that "rest period time shall be counted as hours worked," which means that rest periods must be compensated at least at the minimum wage. IWC Wage Orders; Cal. Code Regs., tit. 8, §§ 11070, subd. 12; 11090, subd. 12. Under the California minimum wage law, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly rate, and compliance cannot be determined by averaging hourly compensation. *See Vaquero*, 9 Cal. App. 5th at 109-110.

Here, the aggrieved employees earned less than the statutory or local minimum wage during rest periods because Claimant and other aggrieved employees did not earn commissions during compliant 10-minute rest periods, and were thus paid for those rest periods at sub-minimum wage rates (e.g., $13.00 per hour in 2021), in violation of California's rest break laws and minimum wage laws.

In these pay periods, Defendants have violated Labor Code sections 221, 222, and 223, which articulate the principal that all hours must be paid at the statutory rate or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation. *Armenta v. Osmose, Inc.* (2005) 135 Cal. App. 4th 314, 467-68.

Section 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Section 222 provides: "It shall be unlawful, in case of any wage agreement arrived at through collective bargaining, either willfully or unlawfully or with intent to defraud an employee, a competitor, or any other person, to withhold from said employee any part of the wage agreed upon." Section 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

By adopting an averaging method, Defendants contravenes these code sections and effectively reduced the hourly rate. Federal law provides no analogous provisions to sections 221-223,

and California law differs on this point from the FLSA. As in *Armenta* and the cases that follow, the Defendants here adopted an averaging method that contravenes the above-mentioned code sections by using the wage payments of Claimant and other aggrieved employees as a credit for minimum wage obligations, which is prohibited by California law:

> We conclude, therefore, that the FLSA model of averaging all hours worked "in any work week" to compute an employer's minimum wage obligation under California law is inappropriate. The minimum wage standard affixes to each hour worked by respondents for which they were not paid.

*Armenta v. Osmose, Inc.* (2005) 135 Cal. App. 4th 314, 468. For these violations, Defendants are liable for all civil penalties recoverable under Labor Code section 225.5.

Furthermore, for all pay periods where Defendants failed to pay the applicable state, local, county, or city minimum wage, with respect to those aggrieved employees who earned less than the California or applicable local minimum wage ordinance, Defendants have violated Labor Code section 1197, which specifically prohibits failure to pay minimum wages fixed by any state or local law, and section 1182.12, which states the state minimum wage.

**Second**, when Claimant and the aggrieved employees worked overtime, Defendants failed to pay the overtime at the regular rate of pay. Defendants paid employees commissions and other remuneration, such as bonuses and GLT Imputed earnings, that Defendants did not properly include in the regular rate of pay when employees earned overtime. When employees worked overtime and earned commissions, bonuses or other earnings in the same pay period, Defendants paid employees at the straight time hourly rate for overtime, and also made a separate payment called "OT- Half" for each overtime hour. However, the OT Half payments did not sufficiently compensate and the employees were underpaid accordingly. This is because, despite Labor Code section 510's mandate that all overtime hours be compensated "at the rate of no less than ***one and one-half times the regular rate of pay*** for an employee" and "***twice*** the regular rate of pay" for double time hours, Defendants paid aggrieved employees the base sub-minimum wage rate, plus 50 percent of the base rate of pay in direct contradiction with the plain language of Labor Code section 510(a) and the IWC Wage Orders. Rather than paying Claimant and other aggrieved employees overtime based on the regular rate of pay (inclusive of all earnings like commissions), in one illustrative pay period (check date 04/30/2021), Defendants appear to have paid an overtime premium of $6.50 (which amounts to an overtime rate $19.50, or 1.5x the sub-minimum wage rate of $13.00 base rate paid to Claimant and other aggrieved employees. Defendants miscalculated the overtime premium and failed to pay it at the regular rate, inclusive of all non-excludable earnings.

Setting aside the failure to include bonuses or commissions in the regular rate of pay, Defendants' overtime payment practices remain unlawful because Defendants, in some pay periods, pay overtime as a multiple of the base hourly rate (i.e., $13.00 per hour in 2021) rather than the minimum wage, resulting in an unlawful overtime rate notwithstanding any regular

rate underpayments, as the base OT rate must at a minimum be one and one-half times the minimum wage, even if there are no excess earnings to include in the regular rate of pay.

<u>Third</u>, Defendants failed to pay for all hours worked as a result of its practice of requiring employees to work off the clock. Claimant and the aggrieved employees received emails, text messages, and phone calls on their personal cell phones from customers and employees of Defendants. Claimant and the aggrieved employees were required to respond to communications on their personal cell phones, even during times when they were not at work and during meal periods. Employees were not paid for this time. Claimant and the aggrieved employees were required to respond to customers so that they would not end up losing a sale for Defendants. Defendants knew or should have known that this work was being performed. Claimant was also contacted while he was at home (off the clock) to remotely assist with closing the store (i.e., issues with cash registers) and was not paid for this time. Further, during times when Claimant did not take a meal period, Defendants nonetheless manually entered a 30-minute meal period into Claimant's time records, thereby depriving him of 30 minutes of wages each time. Claimant is informed and believes that this practice happened to other aggrieved employees as well.

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code §§ 225.5, 558 ($50/$100), 1197.1 ($100/$250) and 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code §§ 226.7, 512, § 11 of the IWC Wage Orders – Meal Period Violations**

Defendants violated Labor Code sections 226.7 and 512 and section 11 of the IWC Wage Orders, with respect to aggrieved employees by failing to pay meal period premiums based on the "regular rate of compensation." Defendants failed to consistently provide timely, off-duty 30-minute meal periods to aggrieved employees within the first five hours of work, and timely second off-duty 30-minute meal periods to the extent they worked shifts of 10 hours or more, in violation of Labor Code sections 226.7, 512 and section 11 of the applicable IWC Wage Orders. *See, e.g., Ferra v. Loews Hollywood Hotel, LLC* (Cal. Sup. Ct., July 15, 2021) ___ Cal. 5th ___ ("We hold that the terms are synonymous: "regular rate of compensation" under section 226.7(c), like "regular rate of pay" under section 510(a), encompasses all nondiscretionary payments, not just hourly wages.")

Claimant and the aggrieved employees were not provided with 30-minute uninterrupted meal periods by the fifth hour of work. Specifically, Defendants' stores were understaffed such that Claimant and the aggrieved employees were unable to take full 30-minute meal periods because employees needed to be on the sales floor and available to assist customers to ensure no sales were lost. When Defendants did not provide compliant meal periods, including times when meal periods were entered into employees' time records when no meal period was actually taken, Defendants failed to pay Claimant and other aggrieved employees a meal period

premium in violation of Labor Code section 226.7. To the extent Defendants paid meal period premiums, the premiums were not paid at the "regular rate of compensation" because they did not include commissions, bonuses, and other forms of remuneration.

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code §§ 226.7, 516, § 12 of the IWC Wage Orders – Rest Period Violations**

Defendants violated Labor Code sections 226.7, 516 and section 12 of the applicable IWC Wage Orders with respect to Claimant and other aggrieved employees by failing to provide lawful rest periods or rest period premiums at the "regular rate of compensation" in lieu of such compliant rest periods.

Defendants failed to authorize or permit ten-minute rest periods for every four hours of work or major faction thereof as required by Labor Code section 226.7 and 516 and section 12 of the applicable IWC Wage Order. Similar to employees' meal period issues, Claimant and the aggrieved employees were not provided with the opportunity to take two ten-minute rest periods during an 8 hour shift due to staffing issues. Further, Defendants' Employee Handbook explicitly informs aggrieved employees that if they work four hours but less than eight, they are only entitled to ***only one 10-minute rest period:*** "Associates who work more than four hours and less than eight hours will receive one 10-minute paid break period." Handbook, p. 13 . Under Defendants' policy, aggrieved employees who work shifts of greater than six hours but less than eight are not provided with the second rest period which they are entitled.

When Defendants did not provide a fully compliant rest period to Claimant or other aggrieved employees, Defendants also failed to pay Claimant and other aggrieved employees a rest period premium at the lawful "regular rate of compensation" in violation of Labor Code section 226.7 that included all forms of remuneration in the regular rate. *Ferra v. Loews Hollywood Hotel, LLC* (Cal. Sup. Ct., July 15, 2021) ___ Cal. 5th ___ ("We hold that the terms are synonymous: "regular rate of compensation" under section 226.7(c), like "regular rate of pay" under section 510(a), encompasses all nondiscretionary payments, not just hourly wages.").

As discussed above in the context of minimum wage violations, section 12 of the IWC Wage Orders states that "rest period time shall be counted as hours worked." Defendants violated section 12 of the IWC Wage Orders with respect to their policy and practice of paying for rest period time at a rate of less than the minimum wage, (*i.e.*, $13.00 in 2021), contrary to the protections of the IWC Wage Orders and Labor Code section 516 and 1198.

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

**Violation of Labor Code § 2802 – Failure to Reimburse Necessary Expenses**

Defendants failed in their affirmative legal obligation to reimburse Claimant and other aggrieved employees for all necessary work-related costs and expenses as a matter of policy and practice in violation of Labor Code section 2802, which states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Defendants required Claimant and the aggrieved employees to use their personal devices (and data/internet) for work-related purposes without reimbursement. Specifically, Claimant and the aggrieved employees were required to use their personal cell phones to communicate with co-workers and customers regarding sales, customer complaints, delivery scheduling, and issues with delivery delays. Claimant and the aggrieved employees also had work email accounts on their personal devices. Claimant was required to respond to work-related emails from his personal devices and is informed and believes that other aggrieved employees experienced the same issue. In direct consequence of their job duties, Claimant and the aggrieved employees unavoidably and necessarily incurred losses, expenditures, costs and expenses that Defendants did not reimburse as a matter of policy and practice. At all relevant times, Defendants were required to comply with the reimbursement mandate of Labor Code section 2802.

It is a matter of undisputed law that California employers must reimburse actual costs incurred and a reasonable percentage of reoccurring costs that are necessarily incurred by an employee at work. *See generally Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal. App. 4th 1137, 1140. Defendants were fully aware of the nature of necessary costs being incurred by Claimant and the aggrieved employees. To the extent Defendants argue that the expenses were reimbursable only upon request and preapproval, Labor Code section 2802's mandate is absolute: the element of constructive knowledge "does not appear in the statute" and written policies or handbooks do not "affect the significance of a failure to comply with that statutory duty … the rights afforded by section[] 2802 may not be subject to negotiation or waiver." *Espinoza v. West Coast Tomato Growers, LLC* (S.D. Cal. 2016) Case No. 14-CF-2984 at n.2; *Park v. Joong-Ang Daily News Cal., Inc.* (2nd App. Dist., Div. 7, 2017) No. B268678 n.7 (unpublished, citing published authority). Labor Code section 2804 further affirms that "[a]ny contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal

representative of any right or remedy to which he is entitled under the laws of this State." In other words, if—as here—employees incur "necessary expenses" or "losses" for the benefit of their employer, then the employees are unconditionally entitled to receive reimbursement for those expenses.

Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recover by Claimant, the aggrieved employees and the State of California in a civil action for all civil penalties recoverable for violations of Labor Code section 2802, including those set forth in Labor Code section 2699 ($100/$200) per violation per pay period per employee, along with the recovery of attorney's fees and costs of suit.

## Violation of Labor Code § 246 through 248.5 – Failure to Provide Paid Sick Leave

Defendants violated Labor Code section 246 because they failed to provide Claimant and the aggrieved employees with paid sick leave in the amounts and based on the accruals required by law. California employers are required to provide paid sick leave to all employees. Employers have the option of providing 24 hours of paid sick leave to employees or to allow employees to accrue paid sick leave each pay period. Cal. Lab. Code § 246. If an employer chooses the accrual method, employees must accrue sick leave at a rate of one (1) hour for every thirty (30) hours worked in a given pay period. Cal. Lab. Code § 246(b)(1). Under the accrual method, employees must begin accruing paid sick leave at the commencement of employment. Cal. Lab. Code § 246(b)(1).

Defendants were required to pay for sick leave in accordance with one of the permissible methods provided in Labor Code § 246(l)(1)-(3):

> (l) For the purposes of this section, an employer shall calculate paid sick leave using any of the following calculations:
>
> > (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.
> >
> > (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.
> >
> > (3) Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

Defendants failed to provide and pay sick leave in the manner required by statute. Specifically, Defendants allowed employees to accrue paid sick leave. However, Claimant and the aggrieved employees did not accrue sick leave at the rate required by statute. Defendants also failed to pay sick leave using method one or two described above because when they paid sick leave to aggrieved employees, they failed to factor in commissions and other forms of remuneration.

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code § 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law. Claimant is also entitled to penalties under Labor Code section 248.5.

**Violation of Labor Code §§ 204 and 204b – Failure to Timely Pay Wages Owed Each Payday**

Defendants violated Labor Code sections 204 and 204b requiring payment of all wages on regularly scheduled paydays with respect to Claimant and other aggrieved employees by failing to pay all overtime wages owed on time each pay period. To the extent that Defendants made or makes any retroactive payments to Claimant or other aggrieved employees, such amounts are untimely in violation of these payday statutes.

Because Defendants failed to pay all wages in each pay period in which such wages were earned at the lawful rate, Defendants violated Labor Code section 204 and/or 204b (for weekly employees), which requires timely payment of wages of wages each regular scheduled pay period. Labor Code section 204 requires payment of "all wages" for non-exempt employees at least twice each calendar month. Labor Code section 204b applies to employees paid on a weekly basis and also requires the payment for all labor within the required pay periods.

As explained above, Defendants required Claimant and the aggrieved employees to work off the clock, failed to pay the minimum wage, and failed to include commissions and other remuneration in the regular rate of pay (or pay at the lawful overtime rate), resulting in a loss of minimum, regular, and overtime wages, as well as meal and rest period premiums. Defendants are separately liable for not paying the full amount owed to Claimant and other aggrieved employees each payday in violation of Labor Code sections 204 and/or 204b.

Defendants specifically include on certain wage statements a line item for "Make-Up Pay" associated with appear to be recorded as prior underpayments of minimum wage. However, for the reasons addressed in this notice, these amounts were not paid in the pay period the wages were earned, and are thus untimely in violation of Labor Code § 204 and/or 204b, if applicable.

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code section 2699 ($100/$200) per violation per pay period per employee, Labor Code section 210 ($100/$200) per violation per pay period, along with all other civil penalties permitted by law.

## Violation of Labor Code §§ 201 through 203 – Failure to Pay Amounts Due Upon Separation

Defendants violated Labor Code sections 201, 202 and 203 requiring timely payment of all wages upon separation and waiting time penalties in lieu thereof with respect to Claimant and other aggrieved employees by failing to pay all wages and premiums owed upon termination of employment. This is because Defendants failed to pay for all hours worked by Claimant and other aggrieved employees during the PAGA Period and therefore left them with underpaid wages upon separation of employment, resulting in waiting time penalties and the associated PAGA penalties addressed herein.

Because Defendants failed to pay for all hours worked by Claimant and other aggrieved employees during their employment, failed to pay the minimum wage, and failed to properly pay overtime, Defendants failed to timely pay all wages owed upon separation of employment in violation of Labor Code sections 201, 202 and 203. Labor Code section 201 requires that if an employer fires an employee, the wages must be paid immediately. Labor Code section 202 requires that if an employee quits without providing 72 hours' notice, his or her wages must be paid no later than 72 hours thereafter. Labor Code section 202 states that if an employee provides 72 hours' notice, the final wages are payable upon his or her final day of employment. Labor Code section 203 requires an employer who fails to comply with Labor Code sections 201 or 202 to pay a waiting time penalty for each employee, up to a period of 30 days.

As a result, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code § 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

## Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Wage Statements

Defendants violated Labor Code section 226 requiring accurate, itemized wage statements with respect to Claimant and other aggrieved employees by failing to meet the requirements of the statute. Labor Code section 226(a) requires an employer to furnish wage statements to employees semimonthly or at the time of each payment of wages, "an accurate itemized statement in writing showing:" (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units earned and applicable piece rate in effect, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the pay period, (7) the name of the employee and last four digits of SSN or an EIN, (8) the name and address of the legal name of the employer, and

(9) all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate by the employee. [1]

Defendants violated Labor Code section 226 because Defendants failed to pay employees the lawful minimum wage, for all hours worked, and at the regular rate of pay for overtime. As a result, the wage statements incorrectly list the gross wages, net wages, total hours worked, and all applicable hourly rates (and corresponding wages earned at those rates). Further, when employees worked overtime, Defendants' wage statements are inaccurate because the overtime hours are included in the "Regular" hours category, making it difficult to determine how employees are being paid. Defendants include the incorrect overtime rate on paystubs, instead electing to include a 0.5 multiple of the sub-minimum wage or sub-regular rate of pay rate. Furthermore, Defendants failed to include the applicable hourly rates in effect during the pay period and number of hours worked at the corresponding hourly rate in each pay period in which Defendants issued a wage statement to aggrieved employees that provided for "Make Up Pay-Min Wage").

For each aggrieved employee who was terminated or separated from employment during the PAGA Period, Claimant alleges on information and belief that Defendants failed to provide a final wage statement showing the wages owed and the information required by Labor Code section 226(a). As a result, Defendants committed an additional violation of Labor Code section 226 with respect to every employee who separated from employment during the PAGA Period. Additionally, on information and belief, Claimant alleges that Defendants further failed to pay all floating holidays, vacation time, and other earned or accrued paid time off upon separation of employment in violation of Labor Code section 203 and section 227.3.

As a result, Claimant and other aggrieved employees cannot promptly and easily determine from the wage statement alone the wages paid or earned without reference to other documents or information. These wage statement violations are significant because they sowed confusion among Claimant and other aggrieved employees with respect to what amounts were owed and paid, at what rates, and how those amounts were calculated.

Thus, Claimant may recover civil penalties on behalf of himself, the State of California and the aggrieved employees as provided under Labor Code sections 226.3 ($250/$1,000) and/or 2699 ($100/$200) per violation per pay period per employee, along with all other civil penalties permitted by law.

---

[1] *See* generally *Lopez v. Friant & Associates, LLC* (2017) 15 Cal. App. 5th 773, 787-88 ("Consistent with the PAGA statutory framework and the plain language of section 226(e), we hold a plaintiff seeking civil penalties under PAGA for a violation of section 226(a) does not have to satisfy the "injury" and "knowing and intentional" requirements of section 226(e)(1)"); *See also See Kastler v. Oh My Green, Inc.* (N.D. Cal., Oct. 25, 2019) Case No. 19-CV-02411-HSG ("Injuries from a failure to provide an accurate pay statement include 'possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked") (rejecting *Maldonado* defense for class claims).

**Violation of Labor Code § 1174 – Failure to Maintain Accurate Payroll Records.**

Because of the violations set forth in this notice, including Defendants' failure to accurately maintain records of pay for all hours worked at the appropriate lawful rates of pay, Defendants violated Labor Code section 1174 and the IWC Wage Orders by failing to maintain accurate payroll records showing daily hours worked, all hourly rates in effect and hours worked at those rates, and the wages paid to each employee. As a result, Defendants are liable for a civil penalty of $500 per employee to Claimant and each aggrieved employee pursuant to Labor Code section 1174.5.

**Attorneys' Fees and Costs**

Claimant was compelled to retain the services of counsel to file this court action to protect his interests and the interests of other aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Claimant has thereby incurred attorneys' fees and costs, which he is entitled to receive on all causes of action under Labor Code section 2699(g).

**Notice of Demand for Defendants to Change Policy and Practice**

Claimant intends to pursue legal action against Defendants based on the violations set forth in this notice. Defendants are hereby notified that any attempt to resolve this case must be conducted in coordination with Claimant's counsel to protect the interests of Claimant, the aggrieved employees, and the State of California via the LWDA, and that any and all settlements releasing liability require Court approval in connection with Claimant and their counsel. Claimant will establish that (1) their lawsuit was a catalyst in motivating Defendants to change their policies and practices and provide the relief sought through this action, (2) that the forthcoming lawsuit has merit and is based on undisputed violations for which Defendants will be liable at trial, and (3) that Claimant has hereby notified Defendants of their violations and considers this notice an attempt to resolve the matter. *See Tipton-Whittingham v. City of Los Angeles* (2004) 34 Cal.4th 604, 608 (citing *Graham v. Diamler-Chrysler Corp.* (2004) 34 Cal. 4th 553) (authorizing an award of catalyst attorneys' fees against Defendants).

\*\*\*

EXHIBIT A

## **CONCLUSION**

Claimant requests the LWDA initiate enforcement for the violations described in this letter. If the LWDA does not pursue enforcement, Claimant will pursue representative claims on behalf of the State of California and the aggrieved employees and will seek all remedies available for violations of the Labor Code and the IWC Wage Orders, including attorneys' fees, costs, interest, and all available penalties set forth in Labor Code section 2699 and all other applicable sections of the Labor Code.

Thank you for your attention to this matter.

Sincerely,

*Nicholas J. Ferraro*

Nicholas J. Ferraro, Esq.

Cc    Lauren N. Vega, Esq.
      Claimant Dustin Evers

      Counsel for La-Z-Boy:
      Sylvia Kim (sjkim@bakerlaw.com)
      Matthew Kane (mkane@bakerlaw.com)
      Amy Beverlin (abeverlin@bakerlaw.com)

EXHIBIT A

**EXHIBIT B**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>Additional Parties Attachment form is attached.<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>DUSTIN EVERS, as an individual and on behalf of all others similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/28/2022** at 11:16:43 AM<br>Clerk of the Superior Court<br>By Elizabeth Reyes,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of San Diego<br>Hall of Justice, 330 West Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2022-00007717-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Nicholas J. Ferraro, 3160 Camino del Rio South, Suite 308, San Diego, CA 92108 / Tel: 619-693-7727

| DATE:<br>*(Fecha)* | 03/01/2022 | Clerk, by<br>*(Secretario)* | E. Reyes | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* LZB Retail, Inc., a Michigan corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**EXHIBIT B**

P.50

EXHIBIT B

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dustin Evers v. La-Z-Boy Incorporated et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff      ☒ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

LA-Z-BOY INCORPORATED, a Michigan corporation; LZB RETAIL, INC., a Michigan corporation; LA-Z-BOY FURNITURE GALLERIES; and DOES 1 through 50, inclusive,

Page  2  of  2

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**P. 51**

EXHIBIT B

**EXHIBIT C**

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Nicholas J. Ferraro (SBN 306528) / Lauren N. Vega (SBN 306525)<br>Ferraro Vega Employment Lawyers, Inc.<br>3160 Camino Del Rio South, Suite 308<br>San Diego, CA 92108<br>TELEPHONE NO.: 619-693-7727    FAX NO.: 619-350-6855<br>ATTORNEY FOR *(Name):* Plaintiff Dustin Evers | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/28/2022** at 11:16:43 AM<br><br>Clerk of the Superior Court<br>By Elizabeth Reyes,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA
BRANCH NAME: Hall of Justice

CASE NAME:
Dustin Evers v. La-Z-Boy Incorporated et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2022-00007717-CU-OE-CTL |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Gregory W Pollack<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):*  11 PAGA-Only Claims
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Feb. 28, 2022

Nicholas J. Ferraro
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

**EXHIBIT C**

P.52



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00007717-CU-OE-CTL        CASE TITLE: Evers vs La-Z-Boy Incorporated [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>**Local ADR Programs for Civil Cases**</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>**Legal Representation and Advice**</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

EXHIBIT E

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

| PLAINTIFF(S) / PETITIONER(S): | Dustin Evers |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | La-Z-Boy Incorporated et.al. |
|---|---|

EVERS VS LA-Z-BOY INCORPORATED [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: |
|---|---|
| | 37-2022-00007717-CU-OE-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Gregory W Pollack                                    Department: C-71

## COMPLAINT/PETITION FILED: 02/28/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/05/2022 | 01:30 pm | C-71 | Gregory W Pollack |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

EXHIBIT E

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |

STREET ADDRESS:     330 W Broadway
MAILING ADDRESS:    330 W Broadway
CITY AND ZIP CODE:  San Diego, CA 92101-3827
DIVISION:           Central
TELEPHONE NUMBER:   (619) 450-7071

PLAINTIFF(S) / PETITIONER(S):     Dustin Evers

DEFENDANT(S) / RESPONDENT(S):     La-Z-Boy Incorporated et.al.

EVERS VS LA-Z-BOY INCORPORATED [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2022-00007717-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Gregory W Pollack                                    Department: C-71

## COMPLAINT/PETITION FILED: 02/28/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/05/2022 | 01:30 pm | C-71 | Gregory W Pollack |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

EXHIBIT E

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

EXHIBIT E

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

| PLAINTIFF(S) / PETITIONER(S): | Dustin Evers |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | La-Z-Boy Incorporated et.al. |
|---|---|

EVERS VS LA-Z-BOY INCORPORATED [IMAGED]

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER: |
|---|---|
| | 37-2022-00007717-CU-OE-CTL |

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Gregory W Pollack                    Department: C-71

**COMPLAINT/PETITION FILED:** 02/28/2022

| **TYPE OF HEARING SCHEDULED** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 08/05/2022 | 01:30 pm | C-71 | Gregory W Pollack |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.**  Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint adding a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

EXHIBIT E

EXHIBIT E

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

EXHIBIT E

EXHIBIT F

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |

STREET ADDRESS:    330 West Broadway

MAILING ADDRESS:    330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827

BRANCH NAME:    Central

PLAINTIFF(S):    Dustin Evers

DEFENDANT(S):  La-Z-Boy Incorporated et.al.

SHORT TITLE:    EVERS VS LA-Z-BOY INCORPORATED [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2022-00007717-CU-OE-CTL |
|---|---|

Judge: Gregory W Pollack                                          Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                     ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                        ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                              Date: _____

_____                        _____
Name of Plaintiff                                                        Name of Defendant

_____                        _____
Signature                                                                  Signature

_____                        _____
Name of Plaintiff's Attorney                                        Name of Defendant's Attorney

_____                        _____
Signature                                                                  Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  03/01/2022                                               _____
                                                                             JUDGE OF THE SUPERIOR COURT

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *N    S    r    r d ddr* | FOR COURT USE ONLY |
|---|---|

Nicholas J. Ferraro  BN  0 28  Lauren N.  e a  BN  0 2
Ferraro  e a Employment La  yers, Inc.
 1 0 Camino del  io  outh,  uite 08
 an Die o, Cali ornia  2108

TELEPHONE NO.:  1   -  2 main    FAX NO. *O*    1    0- 8
E-MAIL ADDRESS *O*   nic  errarove a.com  lauren  errarove a.com
ATTORNEY FOR *N*     Plainti  Dustin Evers

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/19/2022** at 11:23:00 AM

Clerk of the Superior Court
By E- Filing, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  an Die o
STREET ADDRESS:   0    est Broad ay
MAILING ADDRESS:   0    est Broad ay
CITY AND ZIP CODE:  an Die o, Cali ornia   2101
BRANCH NAME:  all o  Justice

PLAINTIFF/PETITIONER: Dustin Evers

DEFENDANT/RESPONDENT: La-Z-Boy Incorporated et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:  -2022-0000   1 -C  -OE-C  L |
|---|---|

TO    *r    r    r d*    La-Z-Boy Incorporated, a Michi an corporation

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authori ed to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authori ed by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Mar.   , 2022

Nicholas J. Ferraro
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER   MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of **(to  e completed  y sender  efore mailing)**
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other

Civil Case Cover Sheet; Notice of Case Assignment; Notice to Litigants; Representative Action Complaint; Summons; Stipulation to ADR Process

**(To  e completed  y recipient)**

Date this form is signed:

March 24, 2022
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Attorney for La-Z-Boy Incorporated

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
415.30, 417.10

**P. 62**

EXHIBIT G

## PROOF OF SERVICE

I, Jerry Shaw, declare:

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Montgomery Street, Suite 3100, San Francisco, CA 94111. On March 24, 2022, I served a copy of the within document(s):

**Notice and Acknowledgment of Receipt-Civil for La-Z-Boy Incorporated**

☑      by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

Nicholas J. Ferraro
Lauren N. Vega
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, CA 92108
nick@ferrarovega.com
lauren@ferrarovega.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 24, 2022, at San Francisco, California.

_____
Jerry Shaw

Baker & Hostetler LLP
ATTORNEYS AT LAW
CLEVELAND

9

EXHIBIT H

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *N    S    r    r d ddr* | FOR COURT USE ONLY |
|---|---|

Nicholas J. Ferraro  BN 0 28 Lauren N. e a  BN 0 2
Ferraro e a Employment La yers, Inc.
 1 0 Camino del io outh, uite 08
 an Die o, Cali ornia  2108
TELEPHONE NO.:  1   -  2 main     FAX NO. O    1   0- 8
E-MAIL ADDRESS O    nic  errarove a.com lauren  errarove a.com
ATTORNEY FOR *N*      Plainti  Dustin Evers

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/19/2022** at 11:23:00 AM

Clerk of the Superior Court
By E- Filing,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  an Die o
STREET ADDRESS:  0    est Broad ay
MAILING ADDRESS:  0    est Broad ay
CITY AND ZIP CODE:  an Die o, Cali ornia  2101
BRANCH NAME:  all o  Justice

PLAINTIFF/PETITIONER: Dustin Evers

DEFENDANT/RESPONDENT: La-Z-Boy Incorporated et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: -2022-0000  1 -C -OE-C  L |
|---|---|

TO   *r    r    r d*   LZB  etail, Inc., a Michi an corporation

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authori ed to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authori ed by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Mar.  , 2022

Nicholas J. Ferraro
(TYPE OR PRINT NAME)

*Nicholas J Ferraro*
(SIGNATURE OF SENDER  MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of: **(to  e completed  y sender  efore mailing)**
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other

Civil Case Cover Sheet; Notice of Case Assignment; Notice to Litigants; Representative Action Complaint; Summons; Stipulation to ADR Process

**(To  e completed  y recipient)**

Date this form is signed:

March 24, 2022
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

Attorney for LZB Retail, Inc.
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
415.30, 417.10
r

P. 64

EXHIBIT H

EXHIBIT H

1

## PROOF OF SERVICE

2    I, Jerry Shaw, declare:

3    I am employed in San Francisco County, California.  I am over the age of eighteen years

4    and not a party to the within-entitled action.  My business address is 600 Montgomery Street,

5    Suite 3100, San Francisco, CA  94111.  On March 24, 2022, I served a copy of the within

6    document(s):

7    **Notice and Acknowledgment of Receipt-Civil for LZB Retail, Inc.**

8

9    ☑    by transmitting via electronic mail the document(s) listed above to the
e-mail address(es) set forth below on this date before 5:00 p.m. and the
transmission was reported as complete and without error.

10

11   Nicholas J. Ferraro
Lauren N. Vega

12   Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308

13   San Diego, CA 92108
nick@ferrarovega.com

14   lauren@ferrarovega.com

15

16   I declare under penalty of perjury under the laws of the State of California that the above

17   is true and correct.

Executed on March 24, 2022, at San Francisco, California.

18

19

20   _____
Jerry Shaw

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

EXHIBIT H

PROOF OF SERVICE
CASE NO. 37-2022-00007717-CU-OE-CTL

**P. 65**

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Montgomery Street, Suite 3100, San Francisco, CA 90025.

On April 25, 2022, I served the following document described as **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Nicholas J. Ferraro                          *Attorneys for Plaintiff*
Lauren N. Vega                               *Dustin Evers*
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, CA 92108
Tel: (619) 693-7727
Fax: (619) 350-6855
nick@ferrarovega.com
lauren@ferrarovega.com

☒    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at San Francisco, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☒    **BY EMAIL:** By transmitting via electronic mail the documents listed above to the e-mail addresses set forth above, and the transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 25, 2022, at San Francisco, CA.

_____*/s/ Gerald Shaw*_____
                         Gerald Shaw

Baker & Hostetler LLP
Attorneys at Law
Los Angeles